Craig *v.* W. J. Thiele & Sons, Inc., Appellant.

Argued January 5, 1959. Before JONES, C. J., MUS-
MANNO, JONES, COHEN and MCBRIDE, JJ.

*Samuel R. DiFrancesco,* with him *Conrad A. Fal-
vello,* for appellant.

*Theodore R. Laputka,* with him *Laputka, Bayless,
Ecker & Cohn,* for appellee.

OPINION BY MR. JUSTICE MCBRIDE, March 16, 1959:
The question presented is whether venue was prop-
erly laid in Luzerne County. The complaint alleges
that plaintiff, an individual residing in Hazleton, Lu-

zerne County, and trading as Craig Mack Truck Sales, entered into a contract with defendant, a Pennsylvania corporation having its principal offices in Johnstown, Cambria County, whereby defendant agreed to sell to plaintiff twelve truck bodies. These truck bodies were to be placed on trucks which were to be sent for that purpose by plaintiff to Johnstown. Plaintiff avers that the trucks were sent by him to defendant in accordance with the agreement, bodies were installed, and upon receipt by plaintiff he attempted to deliver them to a purchaser, Schuck, whose place of business was in Tamaqua, Schuylkill County, but the latter refused to accept them because of faulty construction.

Plaintiff seeks damages arising from the loss of profit of the sale, loss of sales value through regular business channels, expenses for repairing and rebuilding said equipment, and costs necessarily expended to convert all the defective parts of said equipment.

Defendant challenged venue by preliminary objections which the court below overruled, resulting in this appeal.

The case is governed by Pa. R. C. P. 2179, which provides as follows: "Rule 2179. Venue. (a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose."

It becomes clear at once that Paragraphs (a) (1) and (2) have no application since the complaint does not aver that the defendant corporation maintains its

registered office or principal place of business in Luzerne County or that it regularly conducts business there.

As noted above, the plaintiff alleges as the basis of his cause of action improper performance by defendant, but he does not say where this took place. Though plaintiff delivered the trucks to defendant at Johnstown and though he alleges that he received the trucks back from the defendant and that he attempted to deliver them to the purchaser, he does not say where this receipt by him took place. If it was at the premises of the defendant or of the purchaser, Schuck, or at any other point not in Luzerne County, then the cause of action did not arise in Luzerne County. Plaintiff has not brought the case within Paragraph (a) (3).

The fourth paragraph of the Complaint avers: "4. That on or about November 7, 1956, the plaintiff at Hazleton, Luzerne County, Pennsylvania, placed an order with the defendant for the purchase of twelve truck bodies per sales Order No. 5658 and sales Order No. 5660, a copy of which is attached hereto and marked plaintiff's Exhibit 'A'."

We must decide, therefore, whether this constitutes an averment under Paragraph (a) (4) that a transaction or occurrence took place in Luzerne County out of which the cause of action arose.

The making of a contract for whose breach action is brought would undoubtedly constitute a "transaction" within the meaning of the paragraph, and had plaintiff averred the making of a contract in Luzerne County there would be no problem. However, all that plaintiff avers that might bring his complaint within this provision is that he, at Hazleton, "placed an order" with the defendant. This is not an averment that a contract was made there. Consistent with the complaint the order may have been placed by telephone,

letter, telegram or personal contact with an agent of the defendant. There is no mention of the time or place of acceptance. The place of making a contract is not where the offer is made but where it is accepted. Restatement, Contracts, §74; *Linn v. Employers Reinsurance Corporation*, 392 Pa. 58, 139 A. 2d 638 (1958). Is the place of performance of one of several steps taken in the formation of a contract sufficient to constitute a "transaction or occurrence" upon which venue can be based?

Paragraphs (a)(3) and (4) of our Rule 2179, which became effective July 1, 1956, were drafted from the Illinois Code of Civil Practice[1] and first appeared in this Commonwealth in our previous Rule 2130 applicable to partnerships. See *County Construction Co. v. Livengood Construction Co.*, 393 Pa. 39, 43, 142 A. 2d 9, 13. Under the Illinois rule it has been held that venue does not depend on the place of execution of a contract but that venue will lie in the county in which either of the parties signs,[2] although the mere mailing of an estimate and a letter preparatory to the making of a contract is not sufficient.[3] But there is one significant difference between our rule and the provision in the Illinois Code. The Illinois Code provides venue may be in the county where "the transaction or some part thereof occurred". If our rule so provided there would be no difficulty in confirming jurisdiction in Luzerne County, for it is obvious that the placing of an order is part of a transaction. It becomes significant, therefore, that while we adopted the rule from

---

[1] Practice Act, §7 (1933), now Smith-Hurd, Ill. Ann. Stats. ch. 110, §5(b) (1956).

[2] *Keystone Steel & Wire Co. v. Price Iron & Steel Co.*, 345 Ill. App. 305, 103 N.E. 2d 143 (1952); *Consolidated Gasoline Co. v. Lexow*, 316 Ill. App. 257, 44 N.E. 2d 927 (1942).

[3] *Heldt v. Watts*, 329 Ill. App. 408, 69 N.E. 2d 97 (1946).

Illinois we deleted that part of the rule which authorized venue in any county wherein a "part of the transaction" occurred. The framers of our rule must have intended to require that a transaction (in this case the making of a contract) and not merely some part of the transaction, take place in the county where venue is laid. It would lead only to confusion and a practice which we have heretofore referred to as "forum shopping" if the law were to permit suit to be commenced against a corporation in any county where any facet of a complex transaction occurred.

Nor do we understand the word "occurrence" to mean "part of a transaction". On familiar principles of *ejusdem generis* the word "occurrence" would not have a broader meaning than "transaction" so as to conform it to "part of a transaction". Viewed in this light the complaint is not sufficiently clear to justify venue in Luzerne County.

Substantial justice will be accomplished if the order of the court below is reversed and the matter referred back with direction to permit plaintiff to amend his Complaint to state more specifically the facts upon which decision as to venue may be made.

Order reversed.