## P. V. Enterprises, Inc. v. Pitts

*Donald G. Oyler*, for plaintiff.

*S. M. Raffensperger* and *Laird and Buchen*, for defendant.

MacPhail, P. J., March 8, 1968.—In this case, plaintiff has brought suit against defendant in trespass claiming damages, including punitive damages, for losses sustained by virtue of credit extended and goods delivered to defendant but for which plaintiff was never paid.

Plaintiff alleges that the credit was extended and the goods were delivered to defendant on the basis of representations of financial worth made by defendant to plaintiff. Plaintiff further alleges that the representations were false, and that at the time defendant made the representations he knew they were false.

Defendant has filed preliminary objections raising the question of improper venue. Defendant, residing in York County, was served by the Sheriff of York County, who had been deputized by the Sheriff of Adams County, under the provisions of Pennsylvania Rule of Civil Procedure 1009 (e). The cause of action county is York County, where defendant had done business at all material times, where plaintiff's goods had been delivered to defendant, and where defendant is alleged to have sold the goods without paying plaintiff for them.

Venue would not lie in Adams County unless plaintiff had alleged facts which would disclose that "a transaction or occurrence out of which the cause of action arose" took place here. Under an amendment to Pa. R. C. P. 1006 (a), promulgated by the Supreme Court on June 28, 1967, effective September 1, 1967, the language just quoted was added thus expanding the grounds of venue in assumpsit and trespass cases.

In an article in the Pennsylvania Bar Association Quarterly (October 1967) by Philip W. Amram, Esq., and Sidney Schulman, Esq., the reason for the amendment to Pa. R. C. P. 1006(a) is explained. In their article, the authors state, at page 32: "The key phrases 'cause of action' and 'transaction or occurrence' are not new; they copy verbatim the language used in other rules. Their meaning and definition will be parallel".

In the case now before us, plaintiff alleges that on or about April 15, 1965, defendant and one Harold B. Fisher came to plaintiff's office in Gettysburg, Adams County, to discuss with plaintiff's agent the proposed merger of Fisher's business into defendant's business. On that same date, the complaint continues, defendant represented orally to plaintiff's agent that after the merger the new business firm would have a net worth of between $10,000 and $15,000. Further, the complaint states that this representation was made to "induce" plaintiff to continue an oral consignment of merchandise then at Fisher's place of business in Hanover, York County. Plaintiff's agent then asked defendant to supply plaintiff with a financial statement of the merged business. This was mailed to plaintiff's office in Gettysburg on or about June 1, 1965, and it is alleged that the balance sheet showed a net worth of $13,205.55. The complaint states that based upon these representations (the oral statement and the written balance sheet), plaintiff permitted the merchandise originally consigned to Fisher to be transferred to the successor business firm, and that in addition, plaintiff consigned additional merchandise to defendant. Plaintiff also alleges that on April 15, 1965, and on June 1, 1965, defendant was, in fact, insolvent.

We must decide whether these averments constitute a transaction or occurrence out of which the cause of

action arose. In the case of Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129 (1959), the Supreme Court of Pennsylvania was called upon to interpret a similar phrase contained in Pa. R. C. P. 2179(b)(4). The court held that the rule requires that "a transaction" and not merely *some part* of the transaction must take place in the county where venue is laid. The court's opinion made no reference to another case which it decided just one year previously, wherein it held that the purpose of the same rule, Pa. R. C. P. 2179(b)(4), was to permit a plaintiff to institute suit against defendant in a county most convenient to plaintiff "and to assure that the county selected had a substantial relationship to the controversy between the parties and was thereby a proper forum to adjudicate the dispute": County Construction Company v. Livengood Construction Corporation, 393 Pa. 39, 44 (1958). Two lower court cases, Intelligencer Printing Co. v. Sea Gull Lighting Products, Inc., 59 Lanc. 381 (1965), and Wilson v. Cardio-Vascular Research Institute, 82 Montg. 243 (1963), would seem to hold that the Craig case, supra, limits the application of the rule to a much greater extent than the County Construction case, supra, did. This may very well be true. However, it seems to us that the County Construction case is still good law and was neither expressly, nor impliedly overruled by Craig.

The rule itself plainly says that the suit may be brought in a county where a transaction or occurrence took place out of which the cause of action arose. It is not the same as the cause of action county, but such county must have a substantial relationship to the controversy between the parties. We feel that in the case before us now, the rule is particularly applicable, because certainly without the representations made in and sent to Adams County, plaintiff would have no cause of action against defendant sounding in trespass.

This, to us, is an occurrence or transaction out of which the cause of action arose.

It is true that under the provisions of Pa. R. C. P. 1006(a), plaintiff would not be seriously prejudiced were we to rule otherwise, since we could transfer the case to York County, where both parties now reside. However, plaintiff plainly has the right to select his own forum provided only that the forum is a proper one under the Pa. Rules of Civil Procedure. We are of the opinion that on the facts pleaded in this case, plaintiff's action in bringing this suit in Adams County was proper.

### ORDER OF COURT

And now, March 8, 1968, defendant's preliminary objection is overruled, and defendant is given 20 days from the date of this order to file an answer.