## Lewistown Cabinet & Top Co. v.
## Albert Cresswell Constr. Co., Inc.

*Jeffrey L. Snook*, for plaintiff.

*Frederick D. Kessler*, of *Fetter, Kessler & Miller*, and *Lester H. Zimmerman, Jr.*, of *Houck, Barron & Zimmerman*, for defendant.

ZIEGLER, P. J., January 4, 1974.—Plaintiff is a Pennsylvania business corporation engaged in the manufacture of cabinet and case work with principal office or place of business in Mifflin County. Defendant is a Pennsylvania business corporation engaged in general construction and has an office in Union County. After defendant's agent indicated to defendant his interest in purchasing for agent's residence kitchen cabinets manufactured by plaintiff, plaintiff's sales representative called upon agent in Union County, whereupon agent and sales representative, on behalf of their respective principals, entered into a writing providing for furnishing and installing

cabinets. Said writing bore at its top the name and address of plaintiff, name of salesman, date and legend:

### CONDITIONAL SALES CONTRACT
Subject to Acceptance of Home Office

Plaintiff constructed cabinets in Mifflin County and delivered them to and installed them at agent's residence in Union County. There was no acceptance of said writing except that inferrable from plaintiff's performance. Plaintiff brought this suit to recover the purchase price. Defendant filed preliminary objections challenging venue.

Pertinent portion of Pennsylvania Rule of Civil Procedure 2179(a) provides that a personal action against a corporation "may be brought in and only in . . . (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose."

Both parties rely upon Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129 (1959), to support their respective positions. We conclude that Craig supports plaintiff's position. In that case, Craig placed an order in Luzerne County with Thiele for truck bodies to be installed by defendant in Cambria County onto trucks delivered by plaintiff to defendant in Cambria County. After Craig received the trucks and bodies, he brought suit versus Thiele in Luzerne County for improper performance. After noting that Craig did not allege that improper performance took place in Luzerne County nor that a contract was made in Luzerne County, the court concluded that the making of the contract is the transaction which must take place where venue is laid. Finally, the court concluded that "occurrence" in said rule has no broader meaning than "transaction."

Here, applying Craig, we inquire where the contract was made. The place of making is not where the offer is made but where it is accepted: Restatement, Contracts, §74; Craig v. Thiele, supra. Here, the writing was expressly "Conditional" and "Subject to Acceptance of Home Office." Therefore, place of acceptance was within the contemplation of the negotiating parties. This situation is analogous to an agreement made subject to the consent of a third party. Such is a conditional agreement and is ineffective unless consent is given within a reasonable time: 17 C. J. S. Contracts §43, 680-686. Where such consent is given, the offeree's (here sales representative's) formal acceptance is not necessary: 17 C. J. S. Contracts §43, 687. Acceptance may be manifest by conduct as well as words: Selig v. Philadelphia Title Insurance Company, 380 Pa. 264 (1955).

Here, the conditional agreement became effective in Mifflin County when plaintiff accepted it by constructing the cabinets. Hence, the cause of action arose in Mifflin County where venue was properly laid. Alternatively to the cause of action basis, we conclude, in reliance upon County Construction Co. v. Livengood Construction Corp., 393 Pa. 39 (1958), and P. V. Enterprises, Inc. v. Pitts, 44 D. & C. 2d 69 (1968), that venue was properly laid in Mifflin County because a transaction or occurrence took place therein out of which the cause of action arose.

## ORDER

Now, January 4, 1974, defendant's preliminary objections are overruled. Defendant shall plead over within 20 days after notice of this order. Exception is noted to Frederick D. Kessler, Esq., of Fetter, Kessler & Miller, and Lester H. Zimmerman, Jr., Esq., of Houck, Barron & Zimmerman, attorneys for defendant.