## M. Brenner and Sons, Inc. v. Hanover Hotel

*Daniel W. Shoemaker*, for plaintiff.
*John R. Gailey, Jr.*, for defendant.

BUCKINGHAM, J., February 19, 1974.—Plaintiff is a corporation situated in Harrisburg, Dauphin County, Pa., which is in the business of selling bar and restaurant foods and supplies. Defendant is a bar and restaurant situtated in Hanover, York County, Pa., and is owned solely by Thomas J. Hoffnagle, Sr. Plaintiff brought suit against defendant in Dauphin County for goods sold and delivered and obtained a judgment against defendant for $113.47. The judgment was transferred to York County and execution thereon was issued. Defendant obtained a stay of the sale and moved that the writ of execution be set aside on the ground that Dauphin County had no jurisdiction to entertain the suit. Although suit could have been started in York County, both sides agree that since the action commenced in Dauphin County, it is sustainable there only if the contract was formed there. See Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129 (1959), to the effect that

a contract is made, not where the offer is made, but where the offer is accepted.

This case is governed by Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before justices of the Peace 302A, which provides, in part:

"An action against an individual may be brought in and only in a magisterial district where:

"(1) he may be served, or

"(2) the cause of action arose, or

"(3) a transaction or occurrence took place out of which the cause of action arose . . ."

The depositions of Mr. Hoffnagle, plaintiff's salesman and plaintiff's credit manager, show that plaintiff's salesman called upon Hoffnagle at the Hanover Hotel, took some orders from him for the supplies in question, obtained approval of the sales at plaintiff's home office in Harrisburg and delivered the goods to the Hanover Hotel without receiving any payment for the same. Plaintiff's salesman had no express authority from plaintiff to give final acceptance of any order. On the other hand, it is uncontradicted that Hoffnagle told the salesman not to leave any goods unless they were paid for by someone from the Hanover Hotel. It is also undisputed that no one ever told Hoffnagle that the salesman's home office had the final say as to whether the orders were to be accepted and the goods shipped. Moreover, plaintiff's salesman never informed plaintiff that Hoffnagle's orders carried the condition that when delivery of the goods was made, plaintiff was not to permit any of the goods to remain on the premises unless someone from Hanover Hotel paid for them.

It is obvious that the plaintiff's salesman had apparent authority to deal with defendant on defendant's terms. This means that plaintiff's system of reserving final acceptance of the orders after they reached the Harrisburg office was ineffective as to defendant and

the contract between plaintiff and defendant was consummated only when the goods were delivered to defendant at the Hanover Hotel *and* were paid for by defendant at that time.

This conclusion is supported by the section of the Uniform Commercial Code pertaining to the offer and acceptance in the formation of sales contracts: Act of April 6, 1953, P. L. 3, as amended, 12A PS §2-206(1)(a) and (b). Under this section, such a contract is formed when there is an order to buy goods for prompt or current shipment and there is either a prompt promise to ship or a prompt or current shipment of conforming goods, *unless otherwise unambiguously indicated by the language or circumstances.* As we have indicated, there was no ambiguity in the manner in which Hoffnagle dealt with plaintiff. Hoffnagle described to plaintiff's salesman the precise terms under which they were to deal. Plaintiff's salesman never protested these terms and never told Hoffnagle that he was only an order taker with no authority to accept Hoffnagle's conditional offer. Lastly, Hoffnagle was never notified by anyone that plaintiff's home office reserved final acceptance of the order.

The depositions indicate that defendant never paid for the goods which were delivered to the Hanover Hotel and we do not know what happened to them. Under these facts, it is conceivable that a binding contract was never entered into by the parties. However, if such a contract was made, it was finalized in Hanover and not in Harrisburg, since there was no transaction or occurrence which took place in Harrisburg out of which the cause of action arose. The fact that the goods were stored and shipped from Harrisburg is of no moment. The crucial transaction, i.e., the formation of the contract between the parties occurred, if at all, in Hanover.

Section 74 of the Restatement, Contracts, provides:

"A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done."

As we have attempted to point out, the last act necessary for the formation of a contract was to be done in Hanover by the delivery of the goods there and the payment therefor by defendant. Clearly, plaintiff's agent had apparent authority to accept this arrangement offered by defendant. Accordingly, pursuant to the authority of Pennsylvania Rule of Civil Procedure 3121(d), which permits us to set aside a writ, service or levy upon legal or equitable ground therefor, we enter the following

## ORDER

And now, to wit, February 15, 1974, the writ of execution, service and levy against defendant herein is hereby set aside.

An exception is granted to plaintiff.