## McCarthy v. American Cash Register Co., Inc.

*Dale A. Betty* and *Frank J. Wesner, Jr.,* for plaintiff.
*Herbert Braker* and *Benson Zion,* for defendants.

WRIGHT, J., June 27, 1974.—This matter is before this court on plaintiff's (Timothy W. McCarthy, t/a Dilworthtown Inn, hereinafter "Dilworthtown") petition for declaratory judgment. Defendants (American Cash Register Co., Inc., hereinafter "ACR", and Daniel A. Bryan, t/a Nayrb Associates, hereinafter "Nayrb") have filed preliminary objections to Dilworthtown's petition.

Dilworthtown's petition prays our court to (a) enter a declaratory judgment decreeing that it be relieved from all obligations pursuant to a certain lease; (b) order that said lease-contract is unconscionable and unenforceable; (c) order refund to Dilworthtown of certain rentals, already paid under said lease; and (d) determine the rights, status and legal relations of the various parties to the lease-contract.

ACR and Nayrb, in their preliminary objections, raise the following issues for decision by this court: (a) Does this court have both venue and jurisdiction to hear Dilworthtown's petition?; (b) if this court has venue and jurisdiction, is Dilworthtown entitled to relief under the Declaratory Judgment Act?; (c) should a demurrer be sustained by this court as a result of Dilworthtown's petition failing to set forth any claim for relief?; and (d) should a demurrer be sustained by this court as a result of Dilworthtown allegedly waiving all claims and being estopped to proceed with its claims due to an accord, evidenced by payment of certain rental moneys due on June 25, 1973.

Dilworthtown, through Timothy W. McCarthy, entered into certain negotiations with ACR for the sale of a liquor dispensing system. Representatives of Nayrb did not enter into these negotiations. On October 23, 1972, McCarthy, for Dilworthtown, signed a document presented by ACR to lease the liquor dispensing system. It has been stipulated by the parties to this litigation (per stipulation filed of record, dated March 8, 1974) that the *negotiations* preceding the execution of the lease took place in Delaware County and Chester County. The execution thereof by McCarthy took place in Delaware County. The subject document was executed by Nayrb, as lessor of the equipment, in Philadelphia, Pa., on October 31, 1972.

ACR is a duly authorized franchise distributor for the manufacturer of the dispensing unit, and is also the warranty repair and service representative.

Pursuant to the lease, Dilworthtown was to pay $787.05 per month as rental to Nayrb, as lessor. Additionally, upon default of payment, Nayrb was authorized to confess judgment. At the end of the lease term, Dilworthtown was entitled to purchase the system for $1, the term of the lease being 60 months. The equipment was installed at Dilworthtown's place of business in Chester County on November 1, 1972, and Dilworthtown commenced business operations on or about November 10, 1972.

Under further terms of the lease, Dilworthtown was designated "Lessee", ACR as "Supplier", and Nayrb as "Lessor". Dilworthtown was bound to accept delivery of the system if found in good repair and was to specify, in writing, any objections within 48 hours of delivery. Dilworthtown was to bear all costs of repair and maintenance and was to pay the monthly rental without any claims, demands or setoffs against Nayrb. Additionally, Nayrb disclaimed all expressed or implied warranties, but was to request ACR to authorize Dilworthtown to enforce all warranties, agreements or representations, if any, made by ACR to Dilworthtown or Nayrb.

In late November 1972, Dilworthtown initiated operation of the system under business conditions, after the 48-hour rejection period had elapsed. Defects in operation developed almost immediately and this was brought to ACR's attention, who, in turn, attempted to rectify the malfunctions. This situation continued until the month of April 1973, when Dilworthtown requested ACR to remove the system. In responding, Nayrb demanded full rental payment or suffer confession of judgment for the term balance.

In January 1974, the situation had not been resolved; hence, Dilworthtown filed the instant petition.

Does venue in this case lie in Delaware County? We think not.

Pennsylvania Rule of Civil Procedure 1006 provides, in pertinent part:

"(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

" . . .

"(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)."

With reference to ACR, Pa. R. C. P. 2179 provides, in pertinent part:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business.

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

Dilworthtown would have this court decide venue upon two facts, the same being stipulated to by all

parties, namely: (1) some of the negotiations were conducted in Delaware County between Dilworthtown and ACR, and (2) Dilworthtown (by Timothy W. McCarthy) executed the lease in Delaware County. These two facts do not authorize venue to rest in Delaware County. In that same stipulation, it is agreed that the *acceptance* of the lease-contract was accomplished by Nayrb in *Philadelphia.* "The place of making a contract is not where the offer is made but where it is accepted": Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 133 (1959). In Craig, our Supreme Court clearly set out the scope of the words "transaction or occurrence" upon which venue can be based, which applies with equal force to Rules 1006 and 2179 cited above. Referring to the Illinois Code of Civil Practice, the Supreme Court recited the fact that venue would lie in the county in which *either* of the parties sign. However, the phraseology of the Illinois rule is significant: "venue may be in the county where 'the transaction *or some part thereof* occurred'." (Emphasis added.) Our rule does not contain the emphasized words; rather, the words are stated "transaction or occurrence". See Craig, supra, pages 133 and 134. Cf. Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc., 433 Pa. 291 (1969), wherein the rationale of Rule 2179 was explained, citing County Construction Company v. Livengood Construction Corporation, 393 Pa. 39, 44 (1958), which stated that the rule was designed to "assure that the county selected had a *substantial relationship* to the controversy between the parties and was thereby a proper forum to adjudicate the dispute." (Emphasis added.) Also see Snyder Manufacturing Company v. McBeth Machinery, Inc., et al., 55 Del. Co. 315 (1968).

Deciding the question of venue in the negative, this court does not reach the further objections

raised by ACR and Nayrb. In consequence of the above, this court enters the following:

ORDER

And now, to wit, June 27, 1974, upon consideration of the preliminary objections (in the nature of an objection to venue) filed on behalf of defendants, ACR and Nayrb, and upon consideration of the briefs and arguments of counsel, it is ordered, adjudged and decreed that:

(1) The preliminary objection in the nature of an objection to venue be and the same is hereby sustained and plaintiff's petition for declaratory judgment is dismissed without prejudice to proceed in a proper county; and

(2) The remaining preliminary objections are not decided.