## Northwest Savings Assn. v. Womer

*Frederick W. Gallup,* for plaintiff.
*Gary A. Farren,* for defendants.

WOLFE, *P.J.,* January 29, 1976—Plaintiff commenced its action in assumpsit against defendants for failure of defendants to make installment payments on a mobile home purchased by them under a contract with Philip O. Womer Mobile Homes, which contract was assigned to plaintiff.

The action was commenced in Warren County and defendants filed preliminary objections in the nature of a petition raising a question of venue in that county under Pa. R.C.P. 1006(a), in that there was no "transaction or occurrence" in Warren County in the formulation of the contract nor were defendants served in Warren County nor do they reside in Warren County.

The parties have entered into a stipulation of facts to resolve the issue as follows:

(a) Service of the complaint was in Venango County.

(b) Defendants reside in Venango County and have no place of business or residence in Warren County.

(c) The retail installment contract underlying ing plaintiff's cause of action was executed in Venango County by Philip O. Womer Mobile Homes, seller, and defendants, as purchasers, and the mobile home sold thereby was delivered in Venango County to defendants.

(d) The retail installment contract was imme-

diately assigned by the aforesaid seller to plaintiff, the place of execution of the assignment being Venango County and the place of delivery of the assignment being plaintiff's place of business in Warren County.

(e) The said retail installment contract calls for payments to be made by defendants to plaintiff at the office of plaintiff in Warren, Pa.

(f) Plaintiff's cause of action is for the unpaid balance of principal and interest due on said contract.

Thus, the narrow issue to be resolved is, whether the delivery of the assignment to plaintiff's place of business in Warren County and the installment payments to be made to plaintiff at his office in Warren County by defendants is sufficient to constitute Warren County as a "transaction or occurrence" county with proper venue to entertain plaintiff's action.

Rule 1006(a) providing for venue in civil actions provides:

"Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in the county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law."

A review of the history of this rule in Goodrich-Amram §1006 (1975 Supp.) indicates that the rule was designed, inter alia, to prevent the hardships and expense of "multiple actions in multiple counties" resulting in inconsistent verdicts. Goodrich cites Security Leasing Corporation v. Rosner, 64 D. & C. 2d 725 (1973), holding that, where all the transactions occurred in Westmoreland County, the fact that payments were mailed to Allegheny

County for collection did not support venue in that County.

Plaintiff urges us to adopt the holding of Food Industries Research & Eng. Co. v. Kansas Beef Industries, Inc., 21 Cumb. 34 (1971), cited in Goodrich-Amram §2179a-9 (1975 supplement). Pa. R.C.P. 2179 governing venue when corporations are parties and the language used therein as proper venue in a personal action against a corporation is identical with Rule 1006(a), providing proper venue is laid in a county where a transaction or occurrence took place out of which the cause of action arose. In the Food Industries Research & Eng. Co. v. Kansas Beef Industries, Inc., supra, case the county court held failure of a defendant to make a payment in the county is an "occurrence" which will permit venue in that county. This holding is inapposite with Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 149 A. 2d 35 (1959), wherein the court held the word "occurrence" does not mean "part of a transaction":

"On familiar principles of ejusdem generis the word 'occurrence' would not have a broader meaning than 'transaction' so as to conform it to 'part of a transaction'. . ."

It thus seems our appellate courts interpret the phrase "transaction or occurrence" as not meaning simply a part of a transaction or occurrence.

The making of monthly payments on a contract already consummated is merely supplying the quid pro quo subsequent to the confirmation thereof, and the mere fact the payments are made out of the county in which the contract was formulated does not make these payments "a transaction or occurrence" which formulated the contract. By a stretch of the imagination, it could be argued, but in our opinion unreasonably, that the failure to make

payments is a breach of contract and venue attaches in the county to which payment was mailed. We do not think this was the intent of the rule, as such an interpretation would require defendant to travel great distances within the State to defend actions brought against them which has always been contrary to our procedure for proper forum, to wit, this burden is placed upon plaintiff under the rules.

For these reasons, we will grant the preliminary objections; however, under subsection (e) of the rule, it will be transferred, at the cost of plaintiff, to Venango County where the contract was made and where defendants reside.

### ORDER

And now, January 29, 1976, the preliminary objections of defendants are granted.

The Prothonotary of Warren County is ordered to certify a copy of all proceedings in this court and forward them to the Prothonotary of Venango County wherein the case shall be continued as if originally instituted in Venango County at such time as plaintiff advances the costs for such transfer.