## Apex Financial Corp. of Pa. v. James

*Richard F. Stern,* for plaintiff.
*John R. Morgan,* for defendant.

GARDNER, *P.J.*, July 20, 1982—Plaintiff in this matter filed a complaint in assumpsit, which was followed by defendants' preliminary objections. Subsequently, plaintiff amended its complaint to which new preliminary objections were filed, these now being before the court for disposition.

Submission was made to us by brief alone.

The amended complaint alleges that Apex Financial Corporation, plaintiff, made a loan to Albert and Theresa James, also known as Albert and Theresa DiGiacomo, who delivered to plaintiff a bond and warrant accompanied by a mortgage describing several properties, two of which are located in Wyoming County. The remaining parcels of land described in the mortgage are situate in Montgomery County, domicile of both parties to this action and the county in which the loan was contracted.

The objections can be dealt with most simply by first addressing defendants' last objection to the amended complaint, which was a motion to strike because, defendants assert, there is no venue in Wyoming County pursuant to Pennsylvania Rule of Civil Procedure 1006.

Plaintiff denies this contention on the basis that the bond and warrant in question are secured by a mortgage on real estate in part situate in Wyoming County.

Defendants base their venue argument on two points. Initially, they state that, pursuant to Pennsylvania Rule of Civil Procedure 1006(a), " . . . an action against an individual may be brought in and only in a county . . . in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose . . . ", and Wyoming County is, therefore, not an appropriate site for the litigation. They, defendants, further allege that venue is a matter of convenience, and since both parties are residents of Montgomery County, it seems logical that any litigation should be conducted there.

The notes of the Procedural Rules Committee, under Pa. R.C.P. 1006, refer to Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 149 A. 2d 35 (1959), for a definition of "transaction or occurrence." Although the Craig case is governed by Pa. R.C.P. 2179,* the

---

*"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1)  the county where its registered office or principal place of business is located; or

(2)  a county where it regularly conducts business;

(3)  the county where the cause of action arose; or

(4)  a county where a transaction or occurrence took place out of which the cause of action arose."

definition the court used there for "transaction or occurrence" is acceptable in the instant matter. The court stated:

"The framers of our rule must have intended to require that a transaction and not merely some part of the transaction, take place in the county where venue is laid. It would lead only to confusion and a practice which we have heretofore referred to as 'forum shopping' if the law were to permit suit to be commenced against a corporation in any county where any facet of the transaction occurred."

We see no reason why a corporation should be afforded the benefit of bringing suit against an individual where the individual could not bring suit against the corporation, which would be exactly the situation created if we were to determine that Wyoming County was the proper venue site.

Indeed, the risk of "forum shopping" would be substantially increased if a more affluent corporation was allowed to bring suit against an individual in a court far removed from that individual, with the apparent result of increasing the individual's burden.

Instantly, but a portion of the mortgaged premises are located in Wyoming County. Hence, using the language of Craig, "merely some part of the transaction" took place here, not enough to bestow venue.

Defendant has requested that the court take judicial notice of the institution of similar litigation based upon the same bond and warrant in the Court of Common Pleas of Montgomery County. In the light of this information, we are puzzled as to why plaintiff did not bring a suit for confession of judgment in Montgomery County and, if successful, a

certification of the judgment to Wyoming County with a view to execution.

Viewed in this light, the only conclusion to avoid duplicity and meet convenience is to transfer, pursuant to the provisions of Pa.R.C.P. 1006(e), to the 38th Judicial District.

### ORDER

And now, July 20, 1982, for the reasons set forth in the opinion of even date filed in the above-captioned matter, it is ordered that preliminary objections to venue heretofore filed by the above-named defendants be and the same are hereby sustained.

It is further ordered that the above-captioned action be and is hereby transferred to the Court of Common Pleas of the 38th Judicial District of Pennsylvania (Montgomery County), the cost and fees for transfer and removal of the records to be paid by plaintiff.

