## Werner v. Werner

C.P. of Allegheny County, no. GD98-4020.

*Richard W. Gladstone II,* for plaintiffs.
*Larry K. Elliot,* for defendants.

STRASSBURGER, *J.,* November 8, 2000—On April 18, 2000, plaintiffs filed a complaint in Allegheny County alleging, inter alia, that defendants wrongfully induced Leo L. Werner, now deceased, to transfer to them approximately $26,698,750 of Werner Company stock. Plaintiffs further alleged that defendants wrongfully diluted plaintiffs' stock in the Werner Company by causing the company to issue stock to the defendants for less than fair value.

On April 28, 2000, defendants filed preliminary objections including an objection to venue in Allegheny County. After completion of discovery and submission of briefs, I entered an order sustaining defendants' preliminary objection to venue and transferred this action to Mercer County. Plaintiffs have appealed.

As one basis for asserting that venue lay in Allegheny County, plaintiffs contended that defendants consented to venue here and waived any objection thereto. Plaintiffs claim that this waiver occurred when defendants consented to the order of February 24, 2000, filed by the Honorable Thomas R. Dobson in Mercer County.[1]

---

1. In the Leo Werner estate proceeding, pending in the Orphan's Court Division of the Court of Common Pleas of Mercer County, Penn-

This argument is specious. Nothing has been presented to indicate that such a waiver arose from the events surrounding Judge Dobson's order. Judge Dobson's order did not mention venue, nor did it eliminate any preliminary objections to venue that defendants could raise in this action. It simply postponed litigation in Mercer County Orphans' Court until this litigation, then pending in Allegheny County, was concluded.

Pa.R.C.P. 1006(a) provides:

"(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in

"(1) a county in which the individual may be served or

"(2) in which the cause of action arose or

"(3) where a transaction or occurrence took place out of which the cause of action arose or

"(4) in any other county authorized by law."

Defendants asserted and I agreed that none of the Rule 1006(a) criteria supported venue for plaintiffs' cause of action in Allegheny County.

Plaintiffs defended their choice of venue in Allegheny County by contending that venue was proper under Rule 1006(a) based on Count 2 of their complaint alleging civil conspiracy. Plaintiffs claimed that venue was proper here because overt acts in furtherance of the alleged conspiracy occurred in Allegheny County and that

---

sylvania at register of wills no. 1996-49821, Judge Dobson signed a consent postponing the determination of beneficiaries' amended objection and the determination of whether the second codicil to Leo Werner's will should be presumed valid until after this litigation (at G.D. no. 98-4020) had determined the validity of the same second codicil.

these acts constitute transactions or occurrences giving rise to their conspiracy cause of action. The overt acts that plaintiffs alleged gave rise to a conspiracy include meetings in Pittsburgh on February 2, 1989 and February 18, 1992, and the preparation of gift documents in Pittsburgh by Leo Werner's attorney, Tim Burke.

Plaintiffs' first basis for asserting venue here was a February 2, 1989 meeting in Pittsburgh. According to plaintiffs, this meeting was the "first and necessary step" in furtherance of defendants' alleged conspiracy to fraudulently induce Leo Werner into gifting his Werner Company stock. (Plaintiffs' brief on venue at 6.) This meeting is not sufficient to support plaintiffs' claim that venue properly lies in Allegheny County. Specifically, the meeting is simply too tenuous a connection between this county and the cause of action at issue. In order for such a meeting to confer venue in this case, the meeting must satisfy Rule 1006(a). In the instant case, plaintiffs aver that the meeting satisfies Rule 1006(a) only because, according to plaintiffs, it constitutes a transaction or occurrence out of which the cause of action arose.

In *Craig v. W. J. Thiele & Sons Inc.*, 395 Pa. 129, 149 A.2d 35 (1959), the court interpreted the meaning of "transaction or occurrence" in the context of Rule 2179 which deals with venue in actions against a corporation. For purposes of the instant venue analysis, however, no significant distinction between the two rules exists. See Goodrich-Amram 2d §1006(a):1 Amram Commentary. In *Craig,* the court determined that in order for venue to be maintained in a county where a trans-

action or occurrence took place out of which the cause of action arose, a complete transaction and not merely some part of the transaction, must take place in the county where venue is to be laid. *Craig,* 395 Pa. at 134, 149 A.2d at 37. In *Craig,* the court reasoned as follows:

"The framers of our rule must have intended to require that a transaction (in this case the making of a contract) and not merely some part of the transaction, take place in the county where venue is laid. It would lead only to confusion and a practice which we have heretofore referred to as 'forum shopping' if the law were to permit suit to be commenced against a corporation in any county where any facet of a complex transaction occurred." *Craig,* 395 Pa. at 134, 149 A.2d at 37.

In light of *Craig,* the February 1989 meeting in Pittsburgh simply does not rise beyond a mere minor part of a transaction giving rise to plaintiffs' conspiracy cause of action and is insufficient to support venue in Allegheny County. *Craig,* 395 Pa. 129, 149 A.2d 35 (1959).

Plaintiffs' argument that *Craig* is distinguishable because it involved a contract cause of action is not convincing. In *Craig,* the court, although specifically dealing with a contract cause of action, certainly did not limit its holding. In reaching its decision, the court directly addressed the same language presently at issue as it appears in Rules 1006(a) and 2179. The court's reasoning in *Craig* is directly applicable to the present cause of action. Because that decision clearly addresses the same language of Rule 1006(a) at issue here, it must be followed. Plaintiffs' argument in support of venue in Allegheny County relied solely upon cases discussing

venue for criminal conspiracy. These cases are clearly inapposite as the instant case involves a civil conspiracy count to which the Pennsylvania Rules of Civil Procedure, as interpreted by our appellate courts, are controlling. See Rule 1006(a) Pa.R.C.P.; *Craig,* 395 Pa. 129, 149 A.2d 35 (1959).

The same analysis applies to plaintiffs' argument alleging that venue is proper in Allegheny County because the subject Werner Company stock plan was drafted by Cohen and Grigsby P.C., a Pittsburgh-based law firm, and was reviewed by defendant, Eric Werner at a February 18, 1992 meeting in Pittsburgh, Allegheny County. Both of these events are insufficient to support venue in this county. The stock plan at issue was adopted in Mercer County and all shares under the plan were executed in Mercer County from the residence of the plaintiff, Leo Werner. The fact that the plan was reviewed by a defendant at corporate counsel's offices which happened to be in Allegheny County, is nothing more than a mere facet of a transaction giving rise to the alleged conspiracy and cannot support venue in this county. See *Craig,* 395 Pa. 129, 149 A.2d 35 (1959). For the same reason, the alleged preparation of certain gift documents also fails to establish venue here. Moreover, if the mere drafting of documents by counsel in a particular county is held to support venue, a client could conceivably be subjected to defend a suit in an otherwise unrelated court based solely on the residence of counsel. Such a result certainly does not comport with the purpose of our venue rules.

The purpose of the Pennsylvania Rules of Civil Procedure relating to venue is to "permit a plaintiff to institute suit against the defendant in the county most

convenient for him and his witnesses and to assure that the county selected [has] a substantial relationship to the controversy between the parties." See *County Construction Company v. Livengood Construction Corporation,* 393 Pa. 39, 44, 142 A.2d 9, 13 (1958). Here, neither the Count 2 plaintiff, Elizabeth Werner suing on behalf of the Leo Werner estate, nor any of the defendants to that count bears a substantial relationship to plaintiffs' chosen forum. Aside from the parties' choice of local counsel in this action, none is connected to Allegheny County with the requisite substance to sustain venue here. In light of the court's holding in *Craig,* plaintiffs have failed to show that anything beyond a mere part of a transaction or occurrence giving rise to their conspiracy claim occurred in this county.

I therefore sustained defendants' preliminary objection to venue in Allegheny County and, in accordance with Pa.R.C.P. 1006(e), I transferred the present action to Mercer County, Pennsylvania where venue properly lies.[2]

---

2. In the instant case, plaintiffs' cause of action points directly to Mercer County. The alleged fraudulently induced stock gifts were made and executed by Leo Werner from his home in Mercer County and were made to defendants who neither reside nor are subject to service in Allegheny County. The subject restricted stock plan was also adopted in Mercer County. Additionally, according to their complaint at ¶9, the plaintiff in Count 2 (upon which plaintiffs rely for establishing venue in Allegheny County) is the Leo Werner estate, located in Mercer County on whose behalf Elizabeth Werner, a resident of Colorado, has been authorized to bring suit by court order entered on February 3, 2000, in *In re Estate of Leo Werner* pending in the Mercer County Court of Common Pleas at register of wills no. 1996-49821.