**Rule 223.    Conduct of the Trial. Generally**

Subject to the requirements of due process of law and of the constitutional rights of the parties, the court may make and enforce rules and orders covering any of the following matters, **[inter alia]** *inter alia*:

(1)    Limiting the number of witnesses whose testimony is similar or cumulative;

(2)    Limiting the number of attorneys representing the same party or the same group of parties, who may actively participate in the trial of the case or may examine or cross-examine a witness or witnesses;

(3)    Regulating the number and length of addresses to the jury or to the court;

(4)    Regulating or excluding the public or persons not interested in the proceedings whenever the court deems such regulation or exclusion to be in the interest of the public good, order or morals.

> Note: Trial courts in Pennsylvania customarily exercise discretion as to the exclusion of persons from the courtroom in the interest of good order and morals.
>
> The exclusion of the taking of photographs or radio or television broadcasting is governed by **[Canon 3A(7) of the Code of Judicial Conduct]** Pa.R.J.A. No. 1910.

1

**Rule 225.    Summing Up**

Attorneys for each party or group of parties may make an opening address to the jury and may also make an address to the jury after the close of the testimony.

> Note: Rule 225 merely confers the right to make addresses to the jury as stated therein. The trial court by local rule or otherwise may regulate the number, length, and order of addresses.  **[See]** *See* Rule 223**[(a)]**(3).

**Rule 1006.   Venue.        Change of Venue**

(a)    Except as otherwise provided by subdivisions (a.1), (b), and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1)    the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or

> Note: For a definition of transaction or occurrence, see **[Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 149 A.2d 35 (1959)]** _**Craig v. W. J. Thiele & Sons, Inc.**_**, 149 A.2d 35 (Pa. 1959)**.

(2)    the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

(a.1)   Except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose. This provision does not apply to a cause of action that arises outside the Commonwealth.

> Note: See Section 5101.1(c) of the Judicial Code, 42 Pa.C.S. § 5101.1(c), for the definitions of "health care provider," "medical professional liability action," and "medical professional liability claim."

(b)    Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

> Note: Partnerships, unincorporated associations, and corporations and similar entities are subject to subdivision (a.1) governing venue in medical professional liability actions. **[See]** _See_ Rules 2130, 2156 and 2179.

Subdivision (a.1) is a venue rule and does not create jurisdiction in Pennsylvania over a foreign cause of action where jurisdiction does not otherwise exist.

(c)(1) Except as otherwise provided by **[paragraph]** <u>subdivision (c)</u>(2), an action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

(2)   If the action to enforce a joint or joint and several liability against two or more defendants includes one or more medical professional liability claims, the action shall be brought in any county in which the venue may be laid against any defendant under subdivision (a.1).  This provision does not apply to a cause of action that arises outside the Commonwealth.

(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

(2)   Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the county to which the case is to be transferred.

> Note: For the recusal of the judge for interest or prejudice, see **[Canon 3C]** <u>Rule 2.11</u> of the Code of Judicial Conduct.

(3)   It shall be the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred, certified copies of the docket entries, process, pleadings, depositions and other papers filed in the action. The costs and fees of the petition for transfer and the removal of the

4

record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

(e)     Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff.

(f)(1) Except as provided by **[paragraph]** <u>subdivision (f)</u>(2), if the plaintiff states more than one cause of action against the same defendant in the complaint pursuant to Rule 1020(a), the action may be brought in any county in which any one of the individual causes of action might have been brought.

(2)     Except as otherwise provided by subdivision (c), if one or more of the causes of action stated against the same defendant is a medical professional liability claim, the action shall be brought in a county required by subdivision (a.1).