**Rule 301.    Definition; Scope.**

> **[A.](a)**  As used in this chapter, "action" means a civil action brought before a magisterial district judge.

> **[B.](b)**  Civil action includes any action within the jurisdiction of a magisterial district judge except an action by a landlord against a tenant for the recovery of the possession of real property.

> **[C.](c)**  As used in this chapter, "complaint" or civil action shall include, where applicable, the attached and completed Civil Action Hearing Notice form.

**Comment:**  Civil action includes actions formerly denominated "assumpsit" or "trespass" (commonly called contract and tort cases, respectively) and civil claims for fines and penalties.  *See* 42 Pa.C.S. § 1515(a)(3) prescribing the jurisdiction of magisterial district judges.

The rules in this chapter apply to all civil actions before magisterial district judges except an action by a landlord against a tenant for the recovery of possession of real property, which is governed by Chapter 500 of these rules.

Except as otherwise provided in **[Rule 350] Rules 350 and 351**, the rules in this chapter apply to**: (1)** *de novo* appeals filed pursuant to 75 Pa.C.S. § 3369(j)(4), relating to automated work zone speed enforcement violations**[,]; and (2) actions filed pursuant to 75 Pa.C.S. § 3345.1(i.1), relating to civil violations for passing a stopped school bus with flashing red signal lights and an activated side stop signal arm**.

Statutes authorizing a civil fine or penalty include 53 P.S. §§ 10617.1 and 10817-A relating to violations of zoning and joint municipal zoning ordinances.

**Rule 302.    Venue**

\*\*\*

**Comment:**  This rule combines, with some minor changes, the Pennsylvania Rules of Civil Procedure relating to venue. See:

> (1)     Individuals: Pa.R.Civ.P. 1006(a).
>
> (2)     Partnerships: Pa.R.Civ.P. 2130(a).
>
> (3)     Corporations: Pa.R.Civ.P. 2179(a).
>
> (4)     Insurance Policies: Pa.R.Civ.P. 2179(b).
>
> (5)     Unincorporated Associations: Pa.R.Civ.P. 2156(a).
>
> (6)     Political Subdivisions: Pa.R.Civ.P. 2103(b).

This rule is not intended to repeal special statutory venue provisions, such as the: (1) venue provisions for actions involving installment sales of goods and services, 12 Pa.C.S. § 6307; (2) venue provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i, pertaining to actions brought by debt collectors against consumers; **[and]** (3) venue provisions for appeals from automated work zone speed enforcement violations, 75 Pa.C.S. § 3369(j)(4)**; and (4) venue provisions for actions filed pursuant to 75 Pa.C.S. § 3345.1(i.1), relating to civil violations for passing a stopped school bus with flashing red signal lights and an activated side stop signal arm**.  *See* Pa.R.Civ.P.M.D.J. 382(1) (pertaining to Acts of Assembly providing for special venue provisions that are not suspended).

For a definition of "transaction or occurrence," see *Craig v. W.J. Thiele & Sons, Inc.*, 149 A.2d 35 (Pa. 1959).

Subdivision G is intended to take care of indistinct, "center line" or other confusing boundaries in the respects mentioned. When a complaint is transferred under subdivision H, it is treated as if originally filed in the transferee court on the date first filed in a court. If service of the complaint has already been made, no new service may be necessary, but the transferee court must set a new date, time and place for the new hearing and notify the parties thereof. It is the intent of this rule that cases may be transferred to any Pennsylvania court with appropriate jurisdiction and venue, including the Philadelphia Municipal Court. Likewise, nothing in this rule prohibits a court other than a magisterial district court from transferring a case to a magisterial district court with proper jurisdiction and venue, in accordance with the procedural rules of the transferring court. The

jurisdictional limits of the magisterial district courts and the Philadelphia Municipal Court are governed by 42 Pa.C.S. §§ 1515 and 1123, respectively.

There are no costs for transfer of the complaint and no additional filing costs when a case is transferred from one magisterial district court to another magisterial district court. There are no additional filing costs when a case is transferred from the Philadelphia Municipal Court to a magisterial district court.

There may be additional service costs when a case is transferred.

**Rule 321.   Hearings and Evidence**

The magisterial district judge shall be bound by the rules of evidence, except that a bill, estimate, receipt, or statement of account that appears to have been made in the regular course of business may be introduced in evidence by any party without affidavit or other evidence of its truth, accuracy, or authenticity.

**Comment:**  The exception to the rules of evidence provided by this rule was inserted because the Pennsylvania statutes making certain business entries admissible in evidence apparently do not apply to bills, receipts, and the like that are made in the regular course of business but are not made as "records."  *See* 42 Pa.C.S. § 6108.  The fact that this exception permits the introduction of these items of evidence without affidavit or other evidence of their truth, accuracy, or authenticity does not, of course, preclude the introduction of evidence contradicting them. The exception was deemed necessary because the items of evidence made admissible thereby are probably the proofs most commonly used in minor judiciary proceedings.  See **[Rule 350 D(2)]** __Rules 350D(2)  and 351(d)__ for additional exceptions applicable to appeals from automated work zone speed enforcement violations **and actions filed pursuant to 75 Pa.C.S. § 3345.1(i.1), relating to civil violations for passing a stopped school bus with flashing red signal lights and an activated side stop signal arm**.

**Rule 351.    Action to Contest Civil Liability for Passing a School Bus with Flashing Red Lights and an Activated Side Stop Signal Arm; Failure to Respond to a Notice of Violation.**

(a)    As used in this rule:

   (1)    "Vehicle owner" means the owner of a vehicle alleged to have violated 75 Pa.C.S. § 3345, relating to enforcement of failure to stop for a school bus with flashing red lights and an activated side stop signal arm, brought pursuant to 75 Pa.C.S. § 3345.1.

   (2)    "Police department" means the police department issuing the notice of violation of 75 Pa.C.S. § 3345, relating to enforcement of failure to stop for a school bus with flashing red lights and an activated side stop signal arm, brought pursuant to 75 Pa.C.S. § 3345.1.

(b)    **Venue.**    An action filed pursuant to this rule shall only be filed in the magisterial district court in the magisterial district where the alleged violation of 75 Pa.C.S. § 3345 occurred.

(c)    **Proceedings.**

   (1)    **Vehicle Owner Request to Contest Liability.**

      (i)    A vehicle owner may contest the liability alleged in the notice of violation within 30 days of the mailing of the notice of violation by filing a hearing request form prescribed by the State Court Administrator together with a copy of the notice of violation.

      (ii)    The vehicle owner shall pay all costs for filing and service of the hearing request form at the time of filing or, if without the financial resources to pay the costs of litigation, the vehicle owner shall file a petition to proceed *in forma pauperis* pursuant to Rule 206E.

      (iii)    After setting the hearing date pursuant to Rule 305, the magisterial district judge shall serve the hearing request on the police department by mailing a copy to the police department at the address listed on the notice of violation by certified mail or comparable delivery method resulting in a

5

return receipt in paper or electronic form.  The return receipt shall show that the hearing request was received by the police department.

(2) **Vehicle Owner Fails to Respond to Notice of Violation.**  If the vehicle owner fails to respond to the notice of violation within 30 days of the original notice by either paying the fine as indicated on the notice of violation or contesting liability as provided in subdivision (c)(1), the police department may file a civil complaint against the vehicle owner pursuant to Rule 303.

(d) **Evidence.**  The hearing is subject to the standards of evidence set forth in Rule 321, except that photographs, videos, vehicle titles, police reports, and records of the Pennsylvania Department of Transportation may also be entered as evidence by any party without affidavit or other evidence of their truth, accuracy, or authenticity.

**Comment**:  75 Pa.C.S. § 3345.1 provides for automated side stop signal arm enforcement systems to identify and civilly fine the owners of vehicles failing to stop for a school bus with flashing red lights and an activated side stop signal arm.  This rule was adopted to address the provisions of the statute that (1) allow a vehicle owner to contest liability for a notice of violation and (2) establishes a mechanism for a police department to file a complaint when a vehicle owner has failed to respond to a notice of violation.

Insofar as other procedures under these rules may be applicable, the vehicle owner shall be deemed the "defendant" and the police department shall be deemed the "plaintiff."

A vehicle owner issued a notice of violation under 75 Pa.C.S. § 3345.1 may contest liability by requesting a hearing with the magisterial district judge in the magisterial district where the violation occurred.  The initiating document in an action filed by a vehicle owner to contest liability is the hearing request form, which shall be used in lieu of a complaint.

If the magisterial district judge finds the vehicle owner liable for the violation, the vehicle owner shall pay civil fines incurred pursuant to 75 Pa.C.S. § 3345.1(c) to the police department and not to the magisterial district court.  *See* Rule 3.10(A)(2) of the Rules Governing Standards of Conduct of Magisterial District Judges (prohibiting a magisterial district judge from engaging in any activity related to the collection of a claim or judgment for money); *see also* Pa.R.Civ.P.M.D.J. 323, Comment ("The payments are to be made to the plaintiff and not to the magisterial district judge").

If the magisterial district judge enters judgment in favor of the vehicle owner, the vehicle owner is entitled to recover taxable costs from the police department.  *See*

6

Pa.R.Civ.P.M.D.J. 206B ("The prevailing party in magisterial district court proceedings shall be entitled to recover taxable costs from the unsuccessful party. Such costs shall consist of all filing, personal service, witness, and execution costs authorized by Act of Assembly or general rule and paid by the prevailing party."). Procedures for enforcement of judgments, including judgments in favor of the plaintiff for taxable costs from the defendant, are set forth in Rules 401 *et seq.*

If the vehicle owner fails to respond to the notice of violation within 30 days of the original notice by either paying the fine as indicated on the notice of violation or contesting liability as provided in subdivision (c)(1), the police department may file a civil complaint against the vehicle owner in the magisterial district where the violation occurred pursuant to Rule 303. *See* 75 Pa.C.S. § 3345.1(i.1)(2)(iii). A complaint filed by a police department to enforce a notice of violation when the vehicle owner failed to respond will proceed as any other civil action filed pursuant to Rule 303 except as otherwise provided in this Rule. See also Pa.R.Civ.P.M.D.J. 206 (pertaining to costs).

Photographs, videos, vehicle titles, police reports, and records of the Pennsylvania Department of Transportation were added to the existing business record exceptions in Rule 321 because they are the proofs most likely to be used to support the permitted defenses to 75 Pa.C.S. § 3345.1(c).

See Rules 1001 *et seq.* for procedures to appeal a judgment rendered by a magisterial district judge or to file a *praecipe* for a writ of *certiorari* in civil actions, including actions brought pursuant to this rule.