In the matter of the probate of the last will and testament of HERBERT SPENCER GREIMS, deceased.

[Decided July 1st, 1947.]

*Messrs. Eichmann & Seiden,* for James Gerard Greims.

*Mr. James A. McTague,* for the appellant, Howard E. Greims.

*Mr. Crawford Jamieson* and *Mr. Peter P. Walsh, Jr.,* *pro se.*

JAYNE. VICE-ORDINARY.

One Herbert Spencer Greims, a resident of Princeton, New Jersey, died testate on August 6th, 1946. On August 19th, 1946, his will was admitted to probate by the surrogate of Mercer County and Howard E. Greims, the present appellant, Crawford Jamieson and Peter P. Walsh, Jr., nominated as executors in the will, all duly qualified to administer the decedent's estate.

James Gerard Greims, an adopted son of the testator, prosecuted in the Mercer County Orphans Court an appeal from the probate of the decedent's will which terminated in

an affirmance of the order admitting the will to probate. The beneficiaries under the terms of the decedent's will are said to be Howard E. Greims, the appellant herein, Laura Greims Bartels, Mary Louise Lawser, Merton Ward Greims, Thomas Letford Greims, Marjorie Robinson, Eleanor Greims, and Spencer Greims.

The decree of affirmance entered in the Orphans Court embraced the following paragraph:

"And it is further ordered that a counsel fee of Five Thousand Dollars ($5000) be allowed Crawford Jamieson and Peter P. Walsh, Jr., proctors for the proponents, the executors and trustees under the Last Will and Testament of Herbert Spencer Greims, deceased, said counsel fee to be divided between them by Crawford Jamieson receiving the sum of Three Thousand Five Hundred Dollars ($3500) and Peter P. Walsh, Jr., receiving the sum of One Thousand Five Hundred Dollars ($1500), together with their costs and trial expenses in the sum of Four Hundred Forty-five Dollars ($445); and that a counsel fee of Two Thousand Dollars ($2000) be allowed to James A. McTague, proctor for the beneficiaries named under the Last Will and Testament of Herbert Spencer Greims, deceased, together with costs and trial expenses in the sum of Six Hundred Twenty-five and 16/100 Dollars ($625.16); and the Court being satisfied that the appellant had reasonable cause for contesting the validity of said Will, it is further ordered that a counsel fee of Three Thousand Five Hundred Dollars ($3500) be allowed to Eichmann & Seiden, and Louis Gerber, proctors for the appellant, said counsel fee to be divided between them by Eichmann & Seiden receiving the sum of Two Thousand Seven Hundred Fifty Dollars ($2750), and Louis Gerber receiving the sum of Seven Hundred Fifty ($750) Dollars, together with their costs and trial expenses, in the sum of Two Hundred Forty-eight and 78/100 Dollars ($248.78), the aforesaid counsel fees, costs and expenses to be paid by Howard E. Greims, Crawford Jamieson and Peter P. Walsh, Jr., the executors named in said Last Will and Testament out of the estate of the said testator."

On April 30th, 1947, Howard E. Greims filed in this court his petition of appeal in which he brings in question solely the propriety of the several allowances for costs, expenses, and counsel fees made payable out of the decedent's estate.

The proctors for James Gerard Greims now apply to this court for an order dismissing the petition of appeal. The reasons assigned are:

"1. Howard E. Greims is one of three executors of the Last Will and Testament of Herbert Spencer Greims, deceased, and the appeal by said Howard E. Greims without the consent of the other two executors and without the other two executors joining in said appeal, is improvidently taken.

"2. The appeal of Howard E. Greims as an executor of the Last Will and Testament of Herbert Spencer Greims is not an appeal of the Executors of the Last Will and Testament of Herbert Spencer Greims, deceased, and therefore the said appeal is not properly before the Prerogative Court of New Jersey.

"3. The appeal of Howard E. Greims is not taken for and on behalf of all of the Executors of the Last Will and Testament of Herbert Spencer Greims, deceased, and therefore is not properly before the Prerogative Court of New Jersey."

Initially I observe that the petition filed in this court by Howard E. Greims does not disclose with literal precision the capacity in which he pursues his appeal. The petition is introduced to the Ordinary as "the petition of Howard E. Greims of the Borough of Princeton * * *." It alleges that the petitioner is not only one of the three executors, but also a beneficiary under the provisions of the will. The fact that the petitioner himself, as a beneficiary, was a party in interest in the proceedings in which the decree sought to be reviewed was entered is a circumstance which cannot be ignored in the indefinite aspect of his petition. Then, too, I notice that beneath his signature to the petition appears the characterization "Executor-appellant."

However, in the light of all of the somewhat uncommon factors made evident in the present application, I am not persuaded that the petition should be dismissed even were

I to assume that it was filed by the petitioner solely in his capacity as an executor.

It is, of course, elementary that co-executors are regarded in the law as an individual fiduciary in the administration of the estate entrusted to them. *Shreve* v. *Joyce, 36 N. J. Law 44, 48.* The manifest desirability of unity of action on the part of co-executors, and the evils to be apprehended from diversity and independence in their activities have recommended the practice that the record in any such case should reveal the reason why a single executor institutes the proceeding. *Hutchinson* v. *Newbold, 45 N. J. Eq. 698; 17 Atl. Rep. 691; Personette* v. *Johnson, 40 N. J. Eq. 173; 85 A. L. R. 442, 448, 450; 115 A. L. R. 386, 389. Cf. 63 A. L. R. 439.*

Here, the petition exhibits on its face that the petitioner's co-executors, Crawford Jamieson and Peter P. Walsh, Jr., have a personal pecuniary interest threatened by the appeal. The monetary allowances made to them for services as proctors in the court below are challenged.

A cardinal objection to the prosecution or defense of an action implicating the estate by one of the co-executors abides in its exclusion of some of the executors invested with equal authority and responsibility from participation in the litigation. Not so, here. The co-executors of the petitioner on May 16th, 1947, filed an answer to the petition in which they deny that the allowances awarded them were improper and excessive, and they deny and controvert the alleged grounds of the appeal. Hence, the record divulges the reason for the independent institution of the appeal by the petitioner.

Obviously, the normal rule requiring concert of action among co-executors must be subject to some qualifications where the controversy is *inter sese.* Conjure, hypothetically, an instance in which extravagant allowances were lavished upon two executors and denied to the third, or which exorbitant allowances to the two were regarded by the third as manifestly confiscatory of the assets of the estate: would law and justice enable the two executors so benefited to shackle and muzzle the third, and thus disable him from transporting his complaint to an appellate tribunal?

The suggestion, *arguendo,* of the supposititious case induces me to state that in the present proceeding both Senator Jamieson and Mr. Walsh are men of honor and integrity, actively and ethically engaged in the practice of law. There is no doubt that they entertain the conscientious belief that the appeal is destitute of all merit, and they likewise hold the conviction that the prosecution of the appeal will accomplish merely an unwarranted imposition of additional expense upon the testator's estate. I cannot predetermine the merits of the appeal.

The provisions of *R. S. 3:13–2; N. J. S. A. 3:13–2,* have not eluded my attention. They are inapplicable to the immediate situation.

In the existing circumstances I am constrained to deny the present preliminary motion to dismiss the petition.