333 A.2d 920

August STEFANICK and Shirley Stefanick, his wife,

v.

Stanley S. MINUCCI and Laverne E. Minucci,
his wife, Appellants.

Supreme Court of Pennsylvania.

Argued Oct. 9, 1974.

Decided March 18, 1975.

Arnold M. Friedman, Edward B. Friedman, Pittsburgh, for appellants.

Samuel J. Goldstein, Pittsburgh, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

■ Appellees, as vendees in a written contract for the sale and purchase of real estate in Washington County, Pennsylvania, brought this action in equity in Allegheny County against the appellants, as vendors, for specific performance of the contract, as allegedly modified by oral agreement and actions of the parties. Appellants filed preliminary objections in which they alleged that since the complaint averred that the appellees were in possession of the premises and that they were being threatened with eviction proceedings by the appellants, the cause of action was one involving title to the property and the appellees' proper remedy was an action to quiet title under Pa.R.C.P. 1061 et seq., 12 P.S. Appendix. On the premise that the suit was in effect a quiet title action, appellants asserted that venue was in

Washington County, where the real estate is situated. See Pa.R.C.P. 1062. The trial court dismissed the preliminary objections, and this appeal followed.[1]

█ From our review of the briefs and record we are satisfied that the action is one *in personam* to compel specific performance of an agreement for the sale of real property, and not one *in rem* to quiet title.[2] Accordingly, venue is not restricted to the county in which the property is situated but lies in any county in which the defendant may be served. See Pa.R.C.P. 1503(a). We therefore affirm the decree of the chancellor dismissing appellants' preliminary objections. Costs on appellants.

1. Although interlocutory, the decree dismissing appellants' preliminary objections is appealable under the Act of March 5, 1925, P. L. 23, § 1, 12 P.S. § 672. See *Helsel v. Rodgers,* 440 Pa. 516, 269 A.2d 917 (1970). This Act has been repealed in so far as it is inconsistent with the Appellant Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, § 509(g)(30), as amended, 17 P.S. § 211.509(g)(30) (Supp.1974). We find no inconsistency between the appealability of orders such as the one before us and any portion of the Appellate Court Jurisdiction Act, particularly in light of the fact that § 502(d) of that Act expressly fixes the time for appeals under the Act of 1925. Act of July 31, 1970, P. L. 673, No. 223, Art. V, § 502(d), 17 P.S. § 211.502(d) (Supp.1974). Jurisdiction of this appeal is in this Court by virtue of § 202(4) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).
The trial court has filed no opinion, notwithstanding Rule 56 of this Court.

2. In neither their complaint in equity nor their brief filed in this Court have the appellees challenged appellants' title to the property in question.