## Esposita v. Peden

*John A. Barkman*, for plaintiff.
*Richard F. Flickinger*, of *Flickinger and Flickinger*, for defendant.

COFFROTH, *P.J.*, November 21, 1978— Plaintiff has filed a complaint for specific performance of an alleged written contract for the sale of land between plaintiff and defendant, executor of Erma J. Ross, deceased. Decedent was a resident of Westmoreland County, Pa., at death, and defendant was appointed executor by the Westmoreland County Orphans' Court Division. The land is situated here in Somerset County.

The case is before us on defendant's preliminary objections to the complaint, as follows:

(1) This court lacks jurisdiction, which is exclusively in the Westmoreland County Orphans' Court Division;

(2) A demurrer on the grounds that: (a) the averments of the complaint failed to show any contract between the parties (see Comfry v. East Borough Council Boy Scouts, 31 Somerset 325 (1974)), and (b) defendant has sold the land prior to suit to a bona fide purchaser without notice of plaintiff's

claim, making specific performance in favor of plaintiff impermissible;

(3) A motion to strike the *complaint* because it was served more than 30 days after filing, without reinstatement as required by the Rules of Civil Procedure. See[1] Goodrich-Amram 2d §1010(d):1.

## DISCUSSION

### Jurisdiction

The first preliminary objection challenges the jurisdiction of this court, alleging that "the Orphans' Court Division of the Court of Common Pleas of Westmoreland County is the only court which has jurisdiction to decide the within matter," because that court has "assumed jurisdiction of the administration of the estate." This objection must be sustained.

At the outset of this discussion, we should make sure of the meaning of the terms "jurisdiction" and "venue," because they are often confused and sometimes used interchangeably. See McGinley v. Scott, 401 Pa. 310, 318, n.2, 164 A. 2d 424 (1960); Com. v. Ansell, 26 Somerset 248, 251, 56 D. & C. 2d 759, 762 (1971). Occasionally we encounter the term "venue jurisdiction." See Com. v. Ansell, supra, 251, 56 D. & C. 2d 762. Pa.R.C.P.

---

1. Counsel for plaintiff desired to file a brief, which under our rules was due in 30 days. Local Rule R8-201. On October 14, 1978, plaintiff's counsel asked for an extension until the week of October 16, 1978, which has long since passed without any brief from plaintiff's counsel. Defense counsel presented his brief at the argument.

1017(b)(1) authorizes preliminary objections in the form of "a petition raising a question of jurisdiction or venue . . . " Prior to January 1971, Rule 1017(b)(1) authorized "a petition raising a question of jurisdiction" without mentioning venue; nevertheless, the term "jurisdiction" was treated as including venue. As stated in 2 Goodrich-Amram 2d §1017(b):1:

"As a practical matter, with the approval of the Supreme Court [Gaetano v. Sharon Herald, 426 Pa. 179, 181 n. 1, 231 A. 2d 753 (1967)], lawyers and judges used the 'question of jurisdiction' phrase in Rule 1017(b)(1) as the technique to permit objections to venue. This may have been technically questionable because the decisions of the court have noted the clear distinction between 'jurisdiction' and 'venue.' To eliminate this minor technical question, the amendment to Rule 1017(b)(1) [441 Pa. xlix] now specifically provides that preliminary objections may be used to raise a question of jurisdiction or venue."

Moreover, questions of jurisdiction or venue have acquired a new twist as they relate to the common pleas court and the orphans' court, now that the latter is not a separate court but merely a division of the common pleas court under Schedule, article 5, §4, of the Pennsylvania Constitution, and Judicial Code of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §951. The orphans' court division of a court of common pleas is but an administrative unit of the court for the transaction of the class of business assigned to it; but each division of the court is vested with the jurisdiction of the whole court: Judicial Code §§951

and 952.[2] For these reasons we shall consider defendant's preliminary objections as challenging both jurisdiction and venue.

The distinction between jurisdiction and venue is well stated in Com. ex rel. Bellan v. Wilt, 35 Somerset 381 (1978), as follows:

"There are two kinds of jurisdiction: jurisdiction over subject matter and jurisdiction over the person. The former exists when the particular court is legally competent to adjudicate the class of controversy involved (support by separate maintenance); the latter exists when the parties have been required to appear before the court by lawful service of process or have voluntarily appeared and waived such service. While jurisdiction over a party is thus waivable, subject matter jurisdiction is never waivable, is absolutely essential to the validity of a judgment or decree and a judgment or decree can be attacked at any time or place, by a party or privy to it, for want of subject matter jurisdiction. . . . A judgment rendered without jurisdiction both of the subject matter, and of the person to be bound thereby, is void and is always subject to direct or collateral attack.

"Jurisdiction must be distinguished from venue which relates to the particular court room where

2. Counties having separate orphans' courts prior to adoption of the 1968 Pennsylvania Constitution are regarded as having a "separate orphans' court division," whereas other counties such as Somerset have "an orphans' court division composed of the court of common pleas." Judicial Code §951.

On the orphans' court as an equity court, see: Douglas's Estate, 303 Pa. 227, 154 Atl. 376 (1931); Burr Estate, 381 Pa. 547, 548, 113 A. 2d 712 (1955); Hahn Estate, 471 Pa. 249, 252, 369 A. 2d 1290 (1977).

the controversy is required to be heard; venue is procedural and waived if not properly challenged." Citations omitted.

We are here dealing only with subject matter jurisdiction. The subject matter of this suit is breach of contract, which the court of common pleas is clearly competent to adjudicate and has jurisdiction over. See Judicial Code §931(a). Moreover, by statute the court of common pleas has the power of a common law court of chancery to grant specific performance of contract where the legal remedy is inadequate: 17 P.S. §282, VI, Act of June 16, 1836, P.L. 784, and Act of February 14, 1857, P.L. 39, 17 P.S. §283.[3] Leaving aside for the moment cases involving an executor or administrator, an action for specific performance of contract is a transitory in personam action, jurisdiction of which is in the court of common pleas. The action is equitable in nature, but the remedy is sometimes accomplished through an action at law, particularly where the action is by vendor v. vendee for purchase money. See 34 P.L.E., §51, 71. Where, however, the action is by vendee v. vendor to compel a transfer or conveyance of the subject matter, as in the instant case, the remedial powers of a

---

3. Since Pennsylvania has never had separate chancery courts, there is no such thing as "equity jurisdiction" in Pennsylvania, although that term is generally used to refer to the powers of a court of equity which are granted by statute in certain cases to the common pleas court; except as equitable principles are applied at law in Pennsylvania, the court of common pleas has only such equitable powers as are granted by statute. See Com. v. Penner, 34 Somerset 364, 366-7 (1977) and Editor's Note 371; West Homestead Boro. Sch. Dist. v. Allegheny County Bd. Sch. Dir., 440 Pa. 113, 117, 269 A. 2d 904 (1970); Com. ex rel. Bellan v. Wilt, supra.

court of chancery are required and these are vested in the court of common pleas in specific cases by statute as above stated. Venue and service in such an action in equity are governed by Rules 1503 (venue of equity actions) and 1504 (service in equity actions), which in general permit the action to be brought either in a county where defendant can be served, or in a county where the land lies, in which case extraterritorial service is provided for. See Stefanick v. Minucci, 460 Pa. 574, 333 A. 2d 920 (1975).

When it comes to actions for specific performance in which an executor or administrator is a party, as in this case, we must look to the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 Pa.C.S.A. §101 et seq., as the controlling statute; Probate Code section 711 pertains to *jurisdiction* in such cases and provides in relevant parts as follows:

"Except as provided in section 712 of this code (relating to nonmandatory exercise of jurisdiction through orphans' court division) and section 713 of this code (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division: (1) Decedents' estates. The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial. . . . (13) Specific performance of contracts. To enforce specifically the performance by either party of any agreement made by a decedent to purchase or sell real or personal property. (14) . . . (15) Construction of administrative power. The construction of an administrative power as to real estate proposed

to be exercised by a fiduciary of an estate or trust, jurisdiction of which is exercised through the orphans' court division. (16) Disposition of title to real estate to render it freely alienable. The disposition of any interest in real estate of one disabled from dealing with it when title to it has been acquired by descent or will, or is in an estate or trust jurisdiction of which is exercised through the orphans' court division. (17) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death."

Probate Code section 712 referred to above in section 711 provides as follows:

"The jurisdiction of the court of common pleas over the following may be exercised through the orphans' court division: (1) Title to real estate. The determination of the persons to whom the title to real estate of a decedent or of the creator of an estate or trust has passed by devise or descent or by the terms of the trust instrument where jurisdiction of such estate or trust is exercised through the orphans' court division; Provided, That nothing herein shall be construed to restrict the provisions of section 711 of this code (relating to mandatory exercise of jurisdiction through orphans' court division in general) relating to distribution of real estate in an estate or trust. (2) Guardian of person. . . (3) Other matters. The disposition of any case where there are substantial questions concerning matters enumerated in section 711 (relating to mandatory exercise of jurisdiction through

orphans' court division in general) and also matters not enumerated in that section." Amended July 9, 1976, P.L. 551.

Probate Code section 715 grants incidental power as follows: "The orphans' court division shall have all legal and equitable powers required for or incidental to the jurisdiction it exercises."

From the introductory paragraph to section 711, *supra*, it is clear that the court of common pleas has *jurisdiction* over all matters previously assigned to the orphans' court as a separate court, and now that the orphans' court has been abolished as a separate court that jurisdiction *"shall be"* exercised through the orphans' court division. This statutory assignment of a portion of the common pleas court's *jurisdiction* to the orphans' court division of the common pleas court appears to be mandatory and exclusive; although the common pleas court has the jurisdiction over the matters assigned to the orphans' court division, the former is precluded from exercising that jurisdiction, the effect of which is close to not having it. The justices of the Supreme Court appear to disagree among themselves upon this. See: Eberhardt v. Ovens, 436 Pa. 320, 259 A. 2d 683 (1969), concurring and dissenting opinions; Posner v. Sheridan, 451 Pa. 51, 299 A. 2d 309 (1973); Kohl v. Lentz, 454 Pa. 105, 311 A. 2d 136 (1973), dissenting opinions; Hahn Estate, 471 Pa. 249, supra (1977), concurring and dissenting opinions. We think the necessities of the case (there being only a single court of common pleas) and the plain language of the statute mean that this court of common pleas has jurisdiction of actions for specific performance in which an executor or administrator is a party, but that such

jurisdiction may be exercised only by proceedings in our orphans' court division, to which the case should be transferred under Judicial Code §5103(c), if the case falls within the list of matters assigned to that division by sections 711 and 712 of the Probate Code, and if we have venue.[4]

As to the applicability of Probate Code sections 711 and 712, it appears that this sale of decedent's land is made for purposes of administration and distribution and, therefore, clearly falls within section 711(1), supra. The other subsections of sections 711 and 712 do not appear applicable. Accordingly, this court's jurisdiction of this case must be exercised through its orphans' court division, if it has venue.[5]

---

4. Judicial Code §5103(c) provides as follows: "Interdivisional transfers.—If any appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district."

5. It was clearly the law prior to the 1968 Constitution and the 1972 Probate Code, that the orphans' court had exclusive jurisdiction over suits for specific performance of contracts for the sale of land by an executor or administrator: Stemple v. Carson, 366 Pa. 392, 77 A. 2d 438 (1950); Kane v. Girard Trust Company, 351 Pa. 191, 40 A. 2d 466 (1945); Slagle's Estate, 335 Pa. 552, 7 A. 2d 353 (1939); Ferguson v. Hilderbrand, 78 D. & C. 289 (1951); 5 Hunter O.C., Specific Performance 311, §1; 34 P.L.E. 76, §53. The foregoing cases rely heavily on subsections of section 301 of the Orphans' Court Act of August 10, 1951, P.L. 1163, as amended, 20 P.S. §2080.301 Appendix, predecessor of the present Probate Code sections 711 and 712,

Venue of proceedings in a decedent's estate is governed by Probate Code section 721(a) which provides as follows:

"When a Pennsylvania court has jurisdiction of a decedent's, a minor's, or an incompetent's estate, except as otherwise provided by law, the venue for all purposes shall be as follows: (1) Decedents' estates. In the case of decedent's estate, in the county where the letters are granted to the personal representative, and in the absence of such letters, then where the decedent had his last family or principal residence, and if the decedent had no domicile in the Commonwealth, then in any county where any of his property is located. (2) Minors' and incompetents' estates. . . " From this it follows that venue of this case is in Westmoreland County where administration was raised and letters testamentary issued, and we lack venue.

Our proper course is to transfer this equity action to the Orphans' Court Division of the Court of Common Pleas of Westmoreland County, the county of proper venue, under Pa.R.C.P. 1006(e) which provides as follows:

"Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State

---

which do not re-enact some of those subsections. We do not think their omission alters the result. It is sound policy to centralize administration of decedents' estates in the orphans' court division having control of the accounts of the fiduciary, and that has long been the policy of Pennsylvania law. See M'Farson Appeal, 11 Pa. 503 (1849).

the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff."

That assumpsit rule is made applicable to equity actions by Pa.R.C.P. 1501 which provides as follows: "Except as otherwise provided in this chapter, the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit." There is no contrary provision in the equity chapter of the civil rules. See Montgomery v. Montgomery, 8 D. & C. 3d 221 (1978), 35 Somerset 223 (1978), reaching the same result with respect to an action in divorce.

If we should regard the defect here as want of subject matter jurisdiction, a transfer to the Westmoreland Count Orphans' Court Division is provided for in Judicial Code §5103(a), which provides as follows:

"(a) General Rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district."

Compare footnote 4, supra, as to interdivisional transfers within the same court. Whether the pleadings filed in this case will be acceptable as plead-

ings in the Westmoreland County Orphans' Court Division is a matter for their determination.

## Other Preliminary Objections

Since we must sustain the first preliminary objection for want of venue or jurisdiction, we lack power to adjudicate the other objections and will not attempt to do so.

## ORDER

Now, November 21, 1978, defendant's preliminary objection to jurisdiction (or venue) is sustained, and the action is transferred to the Orphans' Court Division of the Court of Common Pleas of Westmoreland County, Pa. The prothonotary shall transmit to the clerk of said court a certified copy of the docket entries in the case, and all of the original filed papers, retaining a Xerox copy of each filed paper for the file of this court, except that the original of this opinion and order shall be retained and a certified copy thereof transmitted with the record. Costs on plaintiff.

