Pennsylvania Higher Education Assistance Agency *v.* Alma J. and John E. Christon. Alma J. Christon, Appellant.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DiSALLE, sitting as a panel of three.

*Stephen R. Krone,* with him *James P. O'Connell,* for appellant.

*John D. Killian,* with him *Killian & Gephart,* for appellee.

OPINION BY JUDGE WILKINSON, JR., April 20, 1979:

This is an appeal by Alma Christon (debtor) from an Order of the Dauphin County Court of Common Pleas which dismissed her Preliminary Objection to Venue in an assumpsit action brought against her by appellee, Pennsylvania Higher Education Assistance Agency (PHEAA). We affirm.

Debtor entered into a loan agreement with PHEAA, a public corporation and governmental entity created to aid students in meeting higher education costs by guaranteeing bank loans. Its principal offices are located in Dauphin County. The Western Pennsylvania National Bank's (WPNB) principal offices are in Beaver County. WPNB, the lending institution made the loan to debtor, after the loan had been guaranteed by PHEAA on application by debtor. Debtor has at all times been a resident of Beaver County.

Debtor became delinquent and was declared to be in default. Thereafter PHEAA, as guarantor responded to its guantee of the loan and received an assignment of the debtor's promissory note. PHEAA filed suit in Dauphin County on the note.

Pa. R.C.P. No. 1006(a) provides:

(a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the

cause of action arose or in any other county authorized by law.

Debtor asserts that since she is a Beaver County resident and the loan was from a Beaver County bank the Dauphin County venue does not lie because the cause of action did not arise there, nor was there any transaction or occurrence in Dauphin County out of which a cause of action could have arisen. We disagree.

Debtor entered into a loan agreement with both WPNB and PHEAA. She knew at the time she agreed to the loan that its guarantor was PHEAA and that it was based in Harrisburg, Dauphin County. The forms she signed were also signed by the executive director of the PHEAA. The PHEAA was as much a party to the contract as was the debtor or the lender.

The identical phrase "transaction or occurrence took place out of which the cause of action arose" is in both Pa. R.C.P. Nos. 1006(a) as well as 2179(a)(4) and it was interpreted by the Pennsylvania Supreme Court in *Burdett Oxygen Co. v. I.R. Wolfe & Sons, Inc.,* 433 Pa. 291, 249 A.2d 299 (1969). In that case a Dauphin County corporation had an agreement to purchase all its requirements from a Montgomery County corporation. It breached its contract and bought elsewhere. The Montgomery County corporation brought suit in Montgomery County. The defendant asserted lack of venue. The court ruled that *failure* to purchase in Montgomery County constituted an "occurrence . . . out of which the cause of action arose," and that Montgomery County venue would lie.

As in *Burdett* a failure to pay PHEAA in Dauphin County in the case at bar constitutes enough of an occurrence to satisfy venue.

Debtor argues that the case of *Craig v. W.J. Thiele & Sons, Inc.,* 395 Pa. 129, 134, 149 A.2d 35, 37 (1959) controls when it states:

The framers of our rule must have intended to require that a transaction (in this case the making of a contract) and not merely some part of the transaction, take place in the county where venue is laid. It would lead only to confusion and a practice which we have heretofore referred to as "forum shopping" if the law were to permit suit to be commenced against a corporation in any county where any facet of a complex transaction occurred.

Nor do we understand the word 'occurrence' to mean 'part of a transaction'. On familiar principles of *ejusdem generis* the word 'occurrence' would not have a broader meaning than 'transaction' so as to conform it to 'part of a transaction'. (Emphasis in original.)

It would be sufficient to say that *Burdett* postdates *Craig*. However, *Craig* also recognizes that the place where a contract is accepted is the place of contract formation and it is proper for venue to be based there. PHEAA accepted debtors application (offer) in Dauphin County, thus satisfying *Craig*.

Finally, the Pennsylvania Supreme Court in *County Construction Co. v. Livengood Construction Corp.*, 393 Pa. 39, 44, 142 A.2d 9, 13 (1958) gave us a succinct analysis of the reasoning behind venue rules.

Its [the venue rule's] purpose was to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses and to assure that the county selected had a substantial relationship to the controversy between the parties and was thereby a proper forum to adjudicate the dispute.

We feel that Dauphin County and the controversy at hand meet the substantial relationship test; and also that it is clearly more convenient for appellee to institute suit in its home county.

Accordingly, we will enter the following

ORDER

AND Now, April 20, 1979, the order of the Dauphin County Court of Common Pleas, No. 1445 S 1977, dated March 14, 1978, dismissing appellants' preliminary objections is hereby affirmed.