548 A.2d 649

Bernard Wagner, Appellant *v.* The Pennsylvania Dairy Herd Improvement Association et al., Appellees.

*Edward A. McQuoid*, with him, *George M. Schroeck, Schroeck & Segal, P.C.*, for appellant.

*Robert F. Claraval, Adler, Jameson & Claraval*, for appellees.

OPINION BY SENIOR JUDGE NARICK, September 2, 1988:

Bernard Wagner (Appellant), a Crawford County resident, has appealed from an order of the Court of Common Pleas of Crawford County sustaining Appellees' preliminary objections seeking a change of venue to Centre County. Appellees are the Pennsylvania Dairy Herd Improvement Association (Pa. DHIA) and four of its individual members.

Before addressing the precise issue raised by this appeal, some background information would be useful. Appellant is a member of the Pa. DHIA, an organization whose purpose is to maintain milk production records on dairy cattle with the goal of genetically improving dairy herds. All members of the Pa. DHIA belong to a local association, the Crawford County DHIA in Appellant's case, which is operated independently

from the statewide association. Each local association is responsible for hiring an individual to supervise the collection of data from each member on a regular basis. The data is then forwarded to the Pa. DHIA at its headquarters in State College, Centre County, where it is analyzed and files are maintained on each herd.

In 1986, the Pa. DHIA notified Appellant that there may have been improprieties in his record-keeping and that it had scheduled a hearing to determine whether sanctions would be appropriate. Appellant objected to, but nonetheless participated in, a hearing in Centre County before a hearing board comprised of the individual Appellees named here. Before that board rendered a decision, Appellant filed the instant suit in equity, seeking to enjoin the board from taking any action based on the hearing, which Appellant contends was violative of the Pa. DHIA's own corporate bylaws and his right of due process.

Specifically, Appellant's complaint alleges that he was denied proper notice of the hearing and of the charges against him; that he was prevented from developing his side of the controversy by being denied the opportunity to present witnesses, affidavits and other evidence; that he was denied a fair hearing because the Pa. DHIA's own counsel presided at the hearing; and that the hearing board did not consist of the members of the Pa. DHIA's Board of Directors, as specified in the corporate bylaws. The relief Appellant seeks is an injunction to prevent the Pa. DHIA hearing board from taking action to expel or censure him, or cancel his records, "until such time as the Pa. D.H.I.A. holds a hearing pursuant to [its] Bylaws. . . ." (Complaint, page 6).

On Appellee's motion, the Crawford County judge determined that venue properly lies in Centre County,

situs of the Pa. DHIA corporate headquarters, pursuant to Pa. R.C.P. No. (Rule) 2179(a).[1]

Appellant, without mentioning Rule 2179(a), relies on Rule 1503(a) in support of his argument that Crawford County venue is proper in this equity action. Rule 1503(a), which relates to equity actions, provides:

> *Except as otherwise provided by* an Act of Assembly, *Rule of the Supreme Court* or by Subdivision (b), (c) or (d), [sections not relevant herein] an action may be brought only in a county in which
>
> (1) the defendant or a principal defendant may be served, or
>
> (2) the property or part of the property which is the subject matter of the action is located. . . .

Appellant's theory is that the property which is the subject of this action is his membership in the Pa. DHIA. First, he relies on *Blenko v. Schmeltz,* 362 Pa. 365, 67 A.2d 99 (1949), for the proposition that membership in a private association is a property right. Secondly, he contends that the situs of such an intangible property right is the domicile of the person who holds the property right, analogizing to cases involving bank accounts, *Laird v. Laird,* 279 Pa. Superior Ct. 517, 421 A.2d 319 (1980), and shares of stock, *Blenko.*

---

[1] Rule 2179(a) provides:

Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

While we do not disagree that a membership in an association may constitute a property right, we are unable to conclude that that fact is determinative of the issue here.

First of all, in our view, Appellant has ignored the above-emphasized prefatory language of Rule 1503(a), "[e]xcept as otherwise provided by . . . Rule of the Supreme Court." Rule 2179(a) would constitute such a rule of the Supreme Court, and we find it significant that Rule 2179 is not prefaced by a similar provision. Rather, Rule 2179(a) by its terms, may only be overridden by an Act of Assembly or its own subsection (b).

While we have found no Pennsylvania appellate decisions on point, the Court of Common Pleas of Bucks County has addressed the question of conflict between the two rules. *See Independence Development, Inc. v. American Arbitration Association,* 59 Pa. D. & C. 2d 416 (1972). That court concluded that Rule 1503(a) is intended to yield to Rule 2179(a) for the reason noted above. The opinion quotes at length from Goodrich-Amram §1503(a)-1, which concludes that the two rules are not, in fact, conflicting, and that venue is established if the requirements of either are met:

> 'Against defendants which are not individuals, the venue provisions of the Rules, applicable to the particular class of defendant involved, will govern. This creates no ambiguity or conflict. Rule 1503 permits venue to be laid where "the defendant" may be served. If the defendant, for example, is a corporation, Rule 2179(a), which applies to both actions at law and in equity, will define the counties in which the corporation may be served. Rule 2179(a) is incorporated by reference. The venue requirements of Rule 1503 will be satisfied if the venue requirements of Rule 2179(a) are met. All that is necessary, in

most cases, is to show that the corporation legally conducts business in the county in order to validate the venue.

In those instances where there may be a different result under the two venue provisions it should be sufficient if either one authorizes the institution of the action in the county in which it was brought.'

*Independence Development* at 420-21 (emphasis omitted).

In our view, venue does not properly lie in Crawford County under either rule. Even if we were to ignore the first sentence of Rule 1503(a), it is clear that subsection 1 of that rule is inapplicable as none of the Appellees were subject to service in Crawford County. (Appellant stipulated at the evidentiary hearing held on his motion for reconsideration that none of the individual Appellees reside in Crawford County.)[2] Appellant, of course, argues that subsection 2 of the rule is the operative provision, in that his Pa. DHIA membership is the property which is the subject matter of this suit. We must disagree. As summarized above, the object of this suit is to compel the Pa. DHIA to follow the hearing procedures outlined in its bylaws. Appellant has not sought review of the merits of his case; indeed, by his action in seeking an injunction before any decision was rendered, whether or not his membership is even

---

[2] At oral argument, Appellant cited the case of *Ro-Med Construction Co., Inc. v. Clyde M. Bartley Co., Inc.,* 239 Pa. Superior Ct. 311, 361 A.2d 808 (1976), relying on Rule 1006 for the proposition that where an individual and a corporate defendant are alleged to be jointly and severally liable, where venue is proper as to the individual, it is also proper as to the corporation. In light of Appellant's stipulation that none of the individual Appellees reside in or could have been served in Crawford County, we fail to see how *Ro-Med* is relevant.

threatened is unknown at this point.[3] Accordingly, because whatever action the common pleas court takes in this case is incapable of affecting Appellant's membership in the Pa. DHIA, we are unable to conclude that that membership, viewed as Appellant's property right, is the subject matter of this particular proceeding. Therefore, Rule 1503(a)(2) is inapplicable.

Turning to the corporate venue provision, Rule 2179(a), we agree with the Crawford County court that venue properly lies in Centre County under the rule. Appellant has failed to advance any reasons which would render Crawford County a proper place of venue under that rule, either in his brief to this Court, where the issue is ignored, or by offering evidence when given an opportunity by the trial court to do so at the evidentiary hearing held on his motion for reconsideration. The Pa. DHIA, on the other hand, offered the testimony of John Richard Barth, the Executive Director of the Pa. DHIA, in order to establish that the association is headquartered in State College and conducts all of its business there, albeit from data gathered by employees of its independent local associations from their members.

We are mindful of the purpose of Rule 2179 as set forth by our Supreme Court long ago in *County Construction Co. v. Livengood Construction Corp.*, 393 Pa. 39, 44, 142 A.2d 9, 13 (1958):

> Its purpose [is] to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses *and* to assure that the county selected [has] a substantial

---

[3] We do not intend to criticize Appellant's action in seeking the injunction. Apparently, one of the possible sanctions is cancellation of a member's records; obviously, Appellant would want to avoid that possibility so his records would remain intact pending litigation.

relationship to the controversy between the parties and [is] thereby a proper forum to adjudicate the dispute.

(Emphasis added.) From cases which have followed and relied upon *County Construction*, we glean two important facts: 1) all have been confronted with the resolution of the merits of an actual controversy and 2) all have required some substantial relationship between the county of venue and the specific controversy at issue. *See, e.g., Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc.*, 433 Pa. 291, 249 A.2d 299 (1969); *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 231 A.2d 753 (1967); *Craig v. W. J. Thiele & Sons, Inc.*, 395 Pa. 129, 149 A.2d 35 (1959); *PHEAA v. Christon*, 42 Pa. Commonwealth Ct. 165, 400 A.2d 1329 (1979).

As stated above, the controversy to be resolved here is whether the Centre County corporation followed its corporate bylaws when it conducted a hearing in Centre County regarding the records of one of its members who resides in Crawford County. The corporate hearing procedures will be the focus of the court's inquiry (be it in Centre or Crawford County), not Appellant's record-keeping procedures. Because that court will not be called upon to address the heart of the controversy, *i.e.* whether Appellant did, in fact, violate Pa. DHIA rules, it seems that the "substantial relationship" prong of the rule's purpose should prevail over considerations of Appellant's convenience. We note that Appellant has adduced no evidence with respect to any inconvenience. And, while we may assume that the mere distance to be travelled between the two counties would be inconvenient to Appellant, there is no indication that he would be calling Crawford County witnesses to resolve the issue of whether the corporation followed its bylaws.

The Crawford County court determined that subsections 3 and 4 of Rule 2179(a) would not apply, in that

the cause of action here arose from the hearing held in Centre County. We agree. Again, the purpose of this lawsuit is essentially to compel the association to reenact its hearing, upon proper notice, allowing Appellant a full opportunity to be heard, and conducted by the individuals mandated by the bylaws.

For these reasons, we affirm the order sustaining the preliminary objection as to venue and transferring this matter to Centre County.

## ORDER

AND NOW, this 2nd day of September, 1988, the order of the Court of Common Pleas of Crawford County in the above-captioned matter is hereby affirmed.

Judge COLINS concurs in the result only.