**84 LUMBER COMPANY, L.P., Appellant**

v.

**FISH HATCHERY, L.P. and Robert Susko as Personal Guarantor, Appellees.**

Superior Court of Pennsylvania.

Argued June 26, 2007.
Filed Oct. 1, 2007.

Christopher M. Boback, Pittsburgh, for appellant.

John P. Smider, Washington, for appellees.

BEFORE: ORIE MELVIN, TAMILIA and JOHNSON, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, 84 Lumber Co., appeals from the order of the trial court which transferred venue of this action from Washington County to Northampton County. After review, we affirm.

¶ 2 The trial court aptly summarized the relevant facts as follows.

This matter arises out of a contract for the supply of lumber materials and building supplies for a residential construction project in Allentown, Lehigh County, Pennsylvania. On or about June 18, 2004, [Appellee] Fish Hatchery, L.P., through its principal, [Appellee] Robert Susko, went to 84 Lumber Company's store in Stockertown, Northampton County, Pennsylvania to purchase lumber and building materials. Susko completed an 84 Lumber Company

Credit Application so that he could place orders and make payments by charge account. Susko faxed this Application to [a] representative [ ] at 84 Lumber's Hellertown offices in Northampton County, Pennsylvania. [Appellant] approved the Credit Application and sold [Appellees] lumber materials and building supplies.

Trial Court Opinion, 2/9/07, at 1.

¶ 3 On June 22, 2006, Appellant filed a complaint in Washington County against Appellees, Fish Hatchery, L.P. and Robert Susko, asserting a breach of contract claim. Certified Record (C.R.) at 1. Specifically, Appellant alleged that it has its principal office in Washington County while Appellees are located in Lehigh County. *Id.* at ¶¶ 1–3. It further averred that Appellees' submitted Commercial Credit Application named Fish Hatchery, L.P. as the applicant with Robert Susko's signature on behalf of the partnership as personal guarantor of payment on the account. *Id.* at ¶ 6 and Exhibit 1. Appellant further alleged that it provided specified goods and merchandise to Appellees and that Appellees failed to make payment on the balance due. *Id.* at ¶¶ 7, 8, 11, 16 and Exhibit 2. Appellant sought damages in excess of $2,800.00.[1]

¶ 4 Appellees filed preliminary objections contending Washington County was not a proper venue. C.R. at 3. Appellant responded with an Amended Complaint to which Appellees again filed preliminary objections. *Id.* at 5, 6. By order of December 20, 2006, the trial court granted Appellees' preliminary objections and transferred the case to Northampton County where "all transactions and payments ren-dered transpired." Trial Court Order, 12/2/06 (C.R. at 12). This timely appeal followed, wherein Appellant presents a single issue for our review:

> Whether the Appellant's acceptance of the Appellees' Commercial Credit Application in Washington County constituted a "transaction or occurrence" sufficient to establish venue of the case in the [t]rial [c]ourt in Washington County?

Appellant's brief at 5.[2]

¶ 5 We begin by observing that "[t]he trial court is accorded 'considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion.' " *Zampana–Barry v. Donaghue,* 921 A.2d 500, 504 (Pa.Super.2007) (citation omitted). The applicable Rules of Civil Procedure governing venue in this case provide as follows.

**Rule 1006. Venue. Change of Venue**

(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

> (1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or

> (2) the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

---

1. The trial court states in its opinion that Appellees paid Appellant more than $500,000.00 for goods provided on Appellees' credit account. Trial Court Opinion, 2/9/07, at 9.

2. We note that Appellant and the trial court have complied with Pa.R.A.P.1925.

\* \* \* \*

(b) Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

(c)(1) Except as otherwise provided by paragraph (2), an action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

Pa.R.C.P. 1006, 42 Pa.C.S.A.

**Rule 2130. Venue**

(a) Except as otherwise provided by Rule 1006(a.1) and by subdivision (c) of this rule, an action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of actions arose or in the county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2130, 42 Pa.C.S.A.[3]

¶ 6 Appellant does not assert that Appellees regularly conduct business in Washington County. Rather, Appellant con-

tends that the credit application signed by Appellee Susko is the "operative contract document" applicable to this action and that its terms render venue in Washington County proper. Because Appellant relies in part on *Craig v. W.J. Thiele & Sons, Inc.*, 395 Pa. 129, 149 A.2d 35 (1959), we interpret its argument to mean that the parties' contract was actually formed in Washington County and, thus, constitutes a "transaction" for purposes of venue. *See id.* at 132, 149 A.2d at 36.

¶ 7 In *Craig*, the plaintiff resided and conducted business in Luzerne County. The parties agreed that the defendant, whose principal offices were in Cambria County, would sell truck bodies to the plaintiff in exchange for payment. The plaintiff would provide vehicles to the defendant in Cambria County to pick up the truck bodies for delivery to Schuylkill County. Contending that the truck bodies were not constructed properly, the plaintiff subsequently filed suit in Luzerne County. The trial court overruled the defendant's preliminary objections, but our Supreme Court reversed, concluding that the plaintiff had not alleged sufficient facts to justify venue in Luzerne County. It noted first that, "[t]he making of a contract for whose breach action is brought would undoubtedly constitute a 'transaction' within the meaning of [Rule 2179]." *Id.* at 132, 149 A.2d at 36. However, it also observed that the Rule "require[s] that a transaction (in this case the making of a contract) and not merely some part of the transaction, take place in the county where venue is laid." *Id.* at 134, 149 A.2d at 37. The Court concluded that the Rules of Civil Procedure do not permit a lawsuit to be instituted "in any county where any facet

---

**3.** We observe that Appellees cite to Rule 2179 which governs actions against corporations, rather than Rule 2130 which governs actions against partnerships. Nonetheless, this Court has previously noted that, for purposes of

deciding whether venue is proper against either type of entity, the legal question of "where it regularly conducts business" is the same. *Zampana–Barry, supra,* at 502.

of a complex transaction occurred." *Id.* at 134, 149 A.2d at 37.

■ ¶ 8 In the case at bar, Appellant argues that the agreement between it and Appellees was not complete until someone in the credit department in its Washington County office approved the application for credit and thereby "accepted" the offer made by Appellees. Appellant's brief at 20, 22.

¶ 9 Appellant concedes that it "has not found any published case squarely on point" to support its contention. *Id.* at 22. It does, however, cite to several cases which it deems analogous, including *Lovelace v. Pennsylvania Property & Casualty Ins. Guar. Ass'n,* 874 A.2d 661 (Pa.Super.2005), and *Pennsylvania Higher Education Assistance Agency v. Christon,* 42 Pa.Cmwlth. 165, 400 A.2d 1329 (1979). In *Lovelace,* the plaintiffs/appellants entered into a settlement agreement with a hospital and its insurer which resolved a medical malpractice claim. The appellants signed the agreement in their counsel's Pike County office. The insurance company subsequently became insolvent and failed to satisfy its obligations pursuant to the settlement agreement. Consequently, the appellants filed suit in Pike County seeking to enforce the settlement agreement pursuant to the Pennsylvania Property and Casualty Insurance Guaranty Association Act (PPCIGA), 42 Pa.C.S.A. §§ 991.1801 *et seq.* PPCIGA filed preliminary objections challenging, *inter alia,* venue in Pike County. Notably, PPCIGA contended that venue was instead proper in "the unidentified county where the parties purportedly agreed to settle the malpractice action." 874 A.2d at 666. We disagreed, concluding that venue was proper in Pike County where the appellants had accepted the written settlement agreement, and vacated the order dismissing the complaint. 874 A.2d at 667.

¶ 10 In *Christon,* the appellant, a resident of Beaver County, entered into a loan agreement with her local bank and the Pennsylvania Higher Education Assistance Agency (PHEAA), whose principal offices are in Dauphin County. The appellant defaulted on her loan and PHEAA filed suit in Dauphin County. The trial court denied the appellant's preliminary objections to venue, and the Commonwealth Court affirmed. The court explained that the executive director of PHEAA signed the appellant's forms, and, moreover, the appellant's "failure to pay PHEAA in Dauphin County" constituted an "occurrence" for venue purposes. 400 A.2d at 1330. In other words, the court determined that there was a "substantial relationship" between Dauphin County and the controversy between the parties. *Id.*

¶ 11 Unlike in *Lovelace* and *Christon,* the record shows that Appellees completed the credit application at one of Appellant's locations in Stockertown, Pennsylvania, which is in Northampton County. C.R. at 7, Exhibit 1. An employee of Appellant in Stockertown then forwarded the application to the credit department at its corporate offices in Washington County. *Id.* Although Appellant's affiant states that its credit department in Washington County "approved and accepted" Appellees' application, which was also maintained of record in its Washington County offices, neither of the parties executed the agreement there. As such, there is not the connection between Appellees and Washington County as was the case in *Lovelace* and *Christon.* We therefore find there is no "substantial relationship" between Washington County and the parties' dispute which would justify venue there.

¶ 12 Appellant also relies on *Lucas Enterprises, Inc. v. Paul C. Harman Co., Inc.,* 273 Pa.Super. 422, 417 A.2d 720 (1980), which similarly fails to support its

position. In *Lucas,* Harman and Lucas entered into an agreement whereby Lucas would find a buyer of certain leases Harman held. Lucas, whose business was in Allegheny County, found a buyer and demanded the finder's fee provided for in the agreement. Lucas filed suit in Allegheny County and Harman filed preliminary objections to that venue, which the trial court denied. On appeal, this Court affirmed, concluding that venue was proper in Allegheny County because that is where Lucas' business was located and where payment was required to be made. *Id.* at 721. Consequently, we determined the cause of action arose in Allegheny County. *Id.*

¶ 13 Instantly, the trial court determined that Appellees tendered all payments to Appellants' Northampton County store location. Trial Court Opinion, 2/9/07, at 2, 9. Appellant does not appear to dispute that finding. Accordingly, *Lucas* fails to provide support for Appellant's position.

¶ 14 In concluding that venue was not proper in Washington County, the trial court found that the contract between the parties was formed at that Northampton store where Appellees offer to purchase goods was accepted by Appellant in its delivery of such goods for payment. *Id.* at 6, 8. This conclusion is supported by the record. We also reject Appellant's contention that the approval process by its credit department amounted to actual acceptance of the contract. There is no suggestion, even in the credit application itself, that approval by the office in Washington County was necessary to formation of a contract. Nor can we agree, based on this record, that Washington County has a "substantial interest" in the parties' controversy such that venue would properly lie there. Accordingly, we discern no abuse of the trial court's discretion in transferring this action to Northampton County.

¶ 15 Lastly, Appellees seek counsel fees in connection with this appeal. This Court may grant such relief "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744, 42 Pa.C.S.A.; *see also* 42 Pa.C.S.A. § 2503. Although we do not agree with Appellant's contentions on appeal, we cannot conclude that Appellant's conduct in pursuing this appeal provides a basis to warrant an award of counsel fees to Appellees under this Rule. *See Progressive Halcyon Ins. Co. v. Kennedy,* 908 A.2d 911, 916 (Pa.Super.2006)(declining to award counsel fees under Rule 2744 because the appellant's conduct did not meet criteria in the Rule).

¶ 16 Order affirmed.